This is an appeal from a judgment ordering the claim of Thomas M. Galloway (hereinafter Galloway) against Trustee Life Insurance Company to be treated as the claim of a "general creditor" without preference or priority. The trial court rendered this judgment after hearing oral testimony.
Galloway received a judgment in the amount of $4,000 plus costs against Trustee Life Insurance Company in Mobile Circuit Court on December 12, 1974. Judgment was based upon a promissory note. This judgment was filed and recorded on February 21, 1975. On January 2, 1975 the State of Alabama commenced delinquency proceedings against Trustee Life Insurance Company by filing a petition for an injunction and appointment of receiver. On February 22, 1975 the injunction was granted and Charles H. Payne, Commissioner of Insurance, was appointed receiver of all property, assets, and estate of Trustee Life Insurance Company. Galloway filed a claim against Trustee Life Insurance Company in the amount of his judgment on September 23, 1976.
On November 28, 1978 the receiver filed a petition asking that Galloway's claim along with others be received and allowed as a claim of a general creditor without any priority or preference under Code of Alabama *Page 50 
1975, § 27-32-37. This section provides:
 Upon the issuance of a proper court order placing a domestic insurer in receivership or placing a foreign insurer in ancillary receivership for rehabilitation or liquidation, pursuant to this chapter or other insurance laws of Alabama, all beneficiaries of and all persons holding or owning a contract of insurance with such insurer shall be a preferred creditor of said insurer to the extent of the equity, cash value or other benefit then accrued, arising under the terms of such contract. With the exception of costs of administration of said receiverships, recorded tax liens and judgments obtained prior to initiation of delinquency proceedings, and secured creditors' claims, no claim of a creditor shall be preferred over that of a policyholder of the insurer in receivership. Policyholders are hereby removed from the class of general creditors and all laws and court decisions in conflict herewith shall have no further application.
[Emphasis added.]
Galloway objected to the petition, saying his claim was entitled to priority under § 27-32-37, such section "not requiring the recording of a judgment prior to Receivership Proceedings."
The sole issue for review is whether a judgment obtained prior to initiation of delinquency proceedings and filed and recorded after the initiation of the proceedings is entitled to preference over the policyholders of the insurer in receivership under Code of Alabama 1975, § 27-32-37.
We do not review this case with any presumption in favor of the trial court, for we are concerned with construing Code of Alabama 1975, § 27-32-37, which is a question of law. Donnellyv. Doak, Ala., 346 So.2d 414 (1977); 2A Ala.Dig. Appeal Error
931 (2).
The primary construction problem involved in § 27-32-37 is whether the word "recorded" modifies judgments, as well as tax liens. We find that it does.
We note that Code of Alabama 1975, § 27-32-2 sets forth the purpose of the chapter containing § 27-32-37 and the construction thereof.
 The purpose of this chapter is to promote effectiveness, economy and uniformity in the rehabilitation, reorganization, conservation and liquidation of insurers doing business in this state. It is intended that this chapter shall be liberally construed to the end so far as possible that the assets of such insurers shall be effectively conserved. . . . [Emphasis added.]
It has been said in Myers v. Protective Life Insurance Co., Ala., 342 So.2d 772 (1977) that Acts of Alabama 1975, Act No. 1040, which is the Act from which § 27-32-37 is derived "promulgate[s] the public policy of this State of preferring policyholders over all other non-secured creditors." Therefore, § 27-32-37 should be construed in accordance with its real intent and meaning and so as not to defeat the legislative purpose. Starlite Lanes, Inc. v. State, 283 Ala. 48,214 So.2d 324 (1968).
We construe the section as providing only three categories which have priority status over the policyholders: (1) costs of administration of said receivership; (2) recorded tax liens and judgments obtained prior to initiation of delinquency proceedings; and (3) secured creditors' claims.
Galloway urges in brief that the section does not require recording, or in the alternative, if recording is required, it is unnecessary to record before delinquency proceedings are initiated. We disagree and find the State's argument that such a reading would result in the failure of proper notice to third parties, e.g. potential policyholders, that such a judgment exists, to be persuasive.
A judgment does not acquire any priority unless it is a lien. Without a lien, a judgment creditor stands as a general creditor. 65 Am.Jur.2d § 166 Receivers (1972).
Code of Alabama 1975, § 6-9-210 and § 6-9-211 deal with registration of judgments and the effect of such registration. *Page 51 
Section 6-9-210 provides in part: "The owner of any judgment . . . may file in the office of the judge of probate . . a certificate of the clerk or register of the court by which the judgment was entered." This certificate "shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment."
The lien is established upon the filing of the certificate with the probate judge. Reuf v. Fulks, 219 Ala. 252, 122 So. 14
(1929). Section 6-9-211 provides in part: "The filing of said certificate of judgment, as provided in section 6-9-210, shall be notice to all persons of the existence of the lien thereby created." Failure of the judge of probate to register or index the certificate filed makes him liable to a $200 penalty plus damages sustained by the aggrieved party. Code of Alabama 1975, § 6-9-212.
In the instant case, filing and recording did not take place until after the delinquency proceedings were initiated. The lien was thus established too late to be given any preference over policyholders; therefore, the trial court was correct in regarding the claim as that of a general creditor. The judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.