This case arises out of a dispute between the Phenix City Board of Education and the Lee County Board of Education concerning whether students who live in an area of Lee County which has been annexed into Phenix City have the option of attending either the city schools or the county schools.
The Phenix City Board of Education filed a petition for both mandamus and declaratory judgment in the Montgomery County Circuit Court against Dr. Wayne Teague, State Superintendent of Education, and others. The principal goal of the proceedings was to require Dr. Teague to determine which schools children living in the contested area must attend. It is the position of the Phenix City Board that these children are statutorily required to attend city schools.
In response to the Phenix City Board's petition, the circuit court ordered Dr. Teague to issue a decision concerning whether there were any Alabama statutes or State Board of Education rules and regulations applicable to the controversy, and, if any statutes, rules, or regulations were discovered, that he take action pursuant to them. Alternatively, the court ordered that if no applicable statutes, rules, or regulations were discovered that Dr. Teague so inform the court.
Dr. Teague's response to the order, while detailing various statutory authority, ultimately concluded that no state law exists which requires children to attend school only in the school district of their residence.
Following Dr. Teague's response, the circuit court issued a second order in which the court stated that the dispute was now resolved and that the court agreed with Dr. Teague's conclusions.
The Phenix City Board appeals, asserting that those children living in the city limits are statutorily prohibited from attending county schools.
We disagree.
We note at the outset that because we are concerned with construing statutory provisions we review this case without attaching any presumption of correctness to the actions of the trial court. Galloway v. State ex rel. Payne, 371 So.2d 48
(Ala.Civ.App. 1979).
We find no Alabama statute expressly prohibiting children who live within a city from attending county schools. We did find, however, one statute which expressly authorizes the collection of fees from elementary students attending schools in a jurisdiction other than the jurisdiction of the students' residences. § 16-10-6, Code 1975. Implicit in such a statute is the understanding that a child may attend a school outside the school district of that child's residence.
We would also point out that section 16-28-3, Code 1975, authorizes local boards of education to regulate the admission of students to their schools. Thus, a child living within the contested area may make application to either the Lee County Board of Phenix City Board for admission to their respective schools, and, pursuant to the *Page 973 
board's policies, the student will be accepted or rejected.
We recognize that the city board must provide schooling to children who are bona fide residents thereof and who live within the corporate city limits. §§ 16-11-9 and -16, Code 1975. We further note, however, that no Alabama statute requires a parent to send his or her child to a particular school.
Accordingly, the order of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.
 ON REHEARING