ADAMS, Justice.
This is an appeal from a summary judgment in favor of Jack Gray Transport, Inc. (“Gray”), in a malicious prosecution case filed by the appellant, Floyd Guinn. We affirm.
At the outset, we note that in order for Guinn to withstand Gray’s motion for summary judgment,
“there must have been some direct or circumstantial evidence from which the trier of fact could reasonably infer each of the following elements, which [compose] a cause of action for malicious prosecution: (1) that a judicial proceeding was initiated by [Gray] against [Guinn], (2) that the judicial proceeding was instituted without probable cause, (3) that the proceedings were instituted by [Gray] maliciously, (4) that the judicial proceeding had been terminated in favor of [Guinn] and (5) that [Guinn] suffered damage as a proximate cause of the judicial proceeding. Smith v. Wendy’s of the South, Inc., 503 So.2d 843, 844 (Ala.1987).”
Eidson v. Olin Corp., 527 So.2d 1283, 1284 (Ala.1988). As it was in Eidson, supra, it is clear here that the defendant had previously filed a civil suit against the plaintiff. We must consider whether probable cause existed to institute the action. In the civil suit, Gray alleged that Guinn was guilty of a conversion arising out of the failure of one of his employees to deliver, on behalf of Gray, a load of scrap metal to a designated location.[1]
“The test that this Court must apply when reviewing the lack-of-probable-cause element in a malicious prosecution case in which summary judgment has been granted to a defendant is as follows: Can one or more undisputed facts be found in the record below establishing that the defendant acted in good faith on the appearance of things as they existed when suit was filed, based upon direct evidence, or upon circumstantial evidence and inferences that can reasonably be drawn therefrom? If so, then summary judgment in favor of the defendant on plaintiffs malicious prosecution count would be appropriate.”
Id. at 1286.
The undisputed facts are that Gray leased a truck from Guinn and that Guinn’s employee, at Gray’s instruction, drove the truck to pick up and deliver a load of scrap metal. That metal was never delivered, and Gray filed suit against Guinn for conversion. The disputed term of the oral agreement between Gray and Guinn (i.e., whether the agreement was to haul coke and coal only or simply to haul “bulk commodities”) was at issue in the initial case by Gray against Guinn; however, that issue is not pertinent to this action for the purpose, as Guinn asserts, of showing the existence of' a “genuine issue as to any material fact” so as to defeat a motion for summary judgment. See Rule 56(c), A.R. Civ.P.
The undisputed facts set out above indicate that Gray had probable cause to file suit against Guinn; therefore, Guinn’s claim for malicious prosecution must fail. The summary judgment entered by the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.

. Gray had orally contracted with Guinn for the use of his truck. Gray alleged that the truck was to be used to haul "bulk commodities,” including scrap metal. On the other hand, Guinn alleged that the truck was only to haul coal and coke. Guinn’s employee was ordered by Gray to deliver a load of scrap metal to McWane Cast Iron Pipe Co., Inc., in Birmingham; however, when the employee arrived at McWane with the scrap metal, he allegedly had difficulty unloading it, became irate, and drove away. The employee then allegedly tried to unload or sell the metal to several other scrap metal dealers. As a result, Gray filed suit against Guinn for conversion.