ON APPLICATION FOR REHEARING
This Court's opinion of February 14, 1992, is withdrawn, and the following is substituted therefore:
On January 24, 1990, Lela B. Morgan entered a Delchamps, Inc., grocery store in Chickasaw. Larry Mims, an employee of Delchamps, watched Morgan as she walked through the store gathering various items of merchandise. As she entered the checkout lane and placed the merchandise on the conveyor belt, Mims instructed the cashier not to allow Morgan to pay for a pack of cigarettes that she placed on the conveyor belt along with the other items. Mims alleged that Morgan had placed the cigarettes in her pocket and had attempted to conceal them and that only after she became aware that he had witnessed her actions had she removed them and attempted to pay for them. The evidence showed that when Morgan protested not being allowed to pay for the cigarettes, Mims took her by the arm and led her to the back of the store, where she was detained until police arrived. During Morgan's detention, Mims told her that he had seen her place a pack of Winston cigarettes into her pants pocket; he claimed that the cigarette pack was visible through the thin material of her pants. Morgan then removed from her pocket a partial pack of Winston cigarettes she had brought into the store, claiming that it was what Mims had seen in her pocket. When the police arrived, Morgan was arrested and was charged with theft in the third degree. She was taken to the local police station, where she remained until relatives arrived and posted bond. Morgan was subsequently tried in municipal court and was found not guilty.
On June 29, 1991, Morgan sued Delchamps and Larry Mims, alleging malicious prosecution; she later amended her complaint to include claims of assault and battery and false imprisonment. Morgan moved for a declaratory judgment, seeking to have Ala. Code 1975, § 6-11-21 (the statute imposing a "cap" on punitive damages), declared unconstitutional. Delchamps responded with a motion to strike the motion for a declaratory judgment; the trial court granted the motion to strike. Delchamps also filed a motion to strike Morgan's amended complaint, arguing that it was untimely and did not give the defendants adequate time within which to prepare a defense against these new claims; that motion was denied.
After trial, the case was submitted to the jury on two counts: assault and battery and malicious prosecution.[1] The jury returned a general verdict in favor of Morgan, awarding $88,000 in compensatory damages and $410,000 in punitive damages. Delchamps filed motions for a J.N.O.V. or, alternatively, a new trial or a remittitur; these motions were denied. Delchamps then filed a post-judgment motion for application of the punitive damages "cap" under § 6-11-21. The trial court granted this motion and reduced Morgan's punitive damages award to $250,000.
Delchamps appealed, arguing that the trial court had erred in not granting its other post-trial motions. Morgan cross-appealed, arguing that the trial court had erred in applying the punitive damages cap of § 6-11-21 and in denying her motion challenging the constitutionality of that statute. *Page 444 
Delchamps contends, among other things, that there was insufficient evidence to allow the issue of punitive damages to go to the jury on Morgan's assault and battery claim or to allow the malicious prosecution claim to go to the jury.
 I
Delchamps contends that Morgan failed to show by clear and convincing evidence that the alleged assault was accompanied by insult or other circumstances of aggravation, as required by Alabama case law, or that Delchamps consciously or deliberately engaged in malice or wantonness, as required under Ala. Code 1975, § 6-11-20.
Under Alabama law, a plaintiff may be awarded punitive damages on an assault and battery claim only where the plaintiff shows by clear and convincing evidence that the assault and battery was coupled with an insult or other circumstances of aggravation or shows by clear and convincing evidence that the defendant consciously or deliberately engaged in the kind of activity mentioned in § 6-11-20.
Two cases serve as excellent examples of assault and/or battery coupled with insult or other aggravating circumstances. In Harrison v. Mitchell, 391 So.2d 1038 (Ala.Civ.App. 1980), the defendant pointed a loaded shotgun at the plaintiff and said, "You sorry son-of-a-bitch, I'll kill you right now." The Court of Civil Appeals, holding that the assault was accompanied by insulting language and that the award of punitive damages was proper, stated that "[p]unitive damages may be awarded for an assault . . . only upon proof that it was committed wrongfully and was accompanied by 'insult or other circumstances of aggravation.' " 391 So.2d at 1040 (citation omitted).
In Peete v. Blackwell, 504 So.2d 222 (Ala. 1986), a medical doctor cursed a nurse just before striking her. This Court held that the conduct of the doctor justified the punitive award, stating that "the longstanding rule of this jurisdiction requires that particularized circumstances of aggravation or insult appear in cases of assault and battery if punitive damages are to be properly awarded." 504 So.2d at 228.
After a close examination of the record in the case now before us, we find no such aggravating or insulting behavior by the Delchamps employee. Morgan testified at trial that Mims "got a hold of my right arm and he said, 'You are going with me, you stole the cigarettes.' " She testified that after Mims took her by the arm, he led her to the back of the store. Mims testified that all persons detained by store employees for shoplifting are taken to the back of the store, in an effort to minimize any disruption and embarrassment. The record shows no evidence of insult or aggravation occurring during the course of Morgan's detention and arrest.
Ala. Code 1975, § 6-11-20(a), provides, in pertinent part:
 "Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to §§ 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Nothing contained in this article is to be construed as creating any claim for punitive damages which is not now present under the law of the state of Alabama."
(Emphasis added.) We find no evidence in the record that the Delchamps employee engaged in any oppression, fraud, wantonness, or malice with regard to Morgan.
 II
Delchamps also contends that the trial court erred by denying its motion for a directed verdict, J.N.O.V., or new trial because, it argues, there was insufficient evidence to allow the malicious prosecution claim to go the jury. Delchamps specifically argues that Morgan failed to produce substantial evidence of lack of probable cause. We agree.
This Court set out the elements of a cause of action for malicious prosecution in S.S. Kresge Co. v. Ruby, 348 So.2d 484
(Ala. 1977): (1) a judicial proceeding initiated *Page 445 
by the defendant against the plaintiff, (2) without probable cause, (3) malice on the part of the defendant, (4) termination of the judicial proceeding in favor of the plaintiff, and (5) damage. Citing Birwood Paper Co. v. Damsky, 285 Ala. 127, 134,229 So.2d 514, 521 (1969); see also Guinn v. Jack GrayTransport, Inc., 557 So.2d 1213 (Ala. 1989). To prevail, the plaintiff must prove all of the elements. Allen v. Molton,Allen Williams Realty Co., 495 So.2d 27 (Ala. 1986). This Court has defined the term "probable cause" as that term is used in malicious prosecution actions as "such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." BirwoodPaper Co., 285 Ala. at 134, 229 So.2d at 521. The question then is not whether Morgan was in fact guilty of the charge of shoplifting, but whether Mims in fact saw events that would lead him to believe that she was guilty. S.S. Kresge Co.,348 So.2d at 488. Mims testified that on the day Morgan was arrested for shoplifting, he saw her enter the store, pick up a package of cigarettes from the cigarette carousel, and walk toward the rear of the store. He testified that he had noticed that this was a pattern for shoplifters. He further testified that he then followed Morgan and that when he was in a position where he was facing her he saw her place the cigarettes in the pocket of her pants and that he had no doubt at that time that she had placed the cigarettes in her pocket. (R. 127.) It is undisputed that Morgan had a pack of Winston cigarettes in her pants pocket, which was visible through the fabric of her pants, while she was in the store. She maintained that all Mims saw was a partial pack of cigarettes; Mims maintains that it was "a complete package," a "perfectly square box package." (R. 128.) Because the question before the court was one of probable cause and was therefore dependent on Mims's subjective belief, even if Mims's belief that Morgan had a complete pack of cigarettes in her pocket was subsequently shown to be incorrect, the question should not have been submitted to the jury. The fact that Morgan was acquitted of the charge does not prove that Delchamps lacked probable cause to arrest her.Piggly Wiggly Alabama Co. v. Rickles, 212 Ala. 585, 103 So. 860
(1925). As this Court has stated:
 " 'One of the reasons for this rule is that public policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge. If this were not the case, a large proportion of unsuccessful civil actions would be followed by suits for malicious prosecution, and there would be a piling of litigation on litigation without end.' "
Liberty Loan Corp. of Gadsden v. Mizell, 410 So.2d 45, 48 (Ala. 1982), quoting Boothby Realty Co. v. Haygood, 269 Ala. 549,114 So.2d 555 (1959) (citations omitted). This Court has stated further that "an action for malicious prosecution is not favored at law." Alabama Power Co. v. Neighbors, 402 So.2d 958,962 (Ala. 1981).
Because Morgan undisputedly had a visible pack of cigarettes in her pocket, Mims could have entertained "an honest and strong suspicion" that she had concealed store property. Therefore, the malicious prosecution count should not have been submitted to the jury.
As noted, the assault and battery count was submitted to the jury together with the malicious prosecution count. In addition, claims for compensatory damages and for punitive damages were intertwined through both counts. Therefore, because the jury returned a general verdict, this case presents a "good count, bad count" problem. Aspinwall v. Gowens,405 So.2d 134 (Ala. 1981). When both a good count and a bad count (i.e., a count supported by the evidence and a count not supported by the evidence) are submitted to the jury and the jury returns a verdict in favor of the plaintiff, we may not presume that the verdict was returned on the good count rather than on the bad count. South Central Bell Telephone Co. v.Branum, *Page 446 568 So.2d 795 (Ala. 1990). Therefore, Aspinwall and South CentralBell Telephone Co. mandate that we reverse the judgment and remand the case for a new trial.
Because we are reversing on this issue, we pretermit consideration of the other issues raised on the appeal and the cross-appeal.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
ALMON, SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.
[1] Morgan voluntarily dismissed Mims at the conclusion of her case; he is not a party to this appeal.