In Gulf States Paper Corp. v. Hawkins, 444 So.2d 381
(Ala. 1983), I set out the essential elements of a cause of action for malicious prosecution, as follows:
 "(1) a judicial proceeding initiated by the defendant; (2) the lack of probable cause; (3) malice on the part of the defendant; (4) termination of the judicial *Page 1240 
proceedings favorably to the plaintiff; and (5) damages."
444 So.2d at 387.
In this case, the evidence shows that an agent of Delchamps made the initial complaint against Larry before a magistrate and that Larry was arrested and later tried in the district court and convicted of theft. The majority correctly states the applicable rule of law in such a factual context as follows: "[W]here there was a prior criminal conviction, even though later vacated, such a conviction is prima facie evidence of the existence of probable cause for instituting the prosecution." At 1238. The majority also correctly holds that the presumption can only be "rebutted by competent evidence that 'clearly overcomes' the presumption." At 1238.
The majority then reviews the facts and distinguishes this case from Delchamps v. Morgan, 601 So.2d 442 (Ala. 1992) (where the question of probable cause was held to be one of law), on the ground that the evidence in Morgan showed that the accused "had a partial pack of cigarettes in her pocket at the time of the arrest." I cannot distinguish Morgan so easily, because there was evidence here that Eddins saw Larry with the steaks when he began to leave the sidewalk. (R. 325.)
The following statements in the majority opinion are especially troubling to me:
 "When Eddins went before the magistrate to have Larry charged with theft, he did not tell her that Larry had denied the allegations. He did not tell the magistrate of the difference between the clothing worn by the man seen stealing the steaks in the morning and the clothing worn by Larry. He did not relate to the magistrate the limited time he had actually observed the black man stealing the steaks or the fact that he had not questioned Larry about what had taken place. He also did not tell the magistrate that Larry's family had come to the store to discuss the matter, but that he had refused to talk with them. Further, Cale, the alleged eyewitness to the theft, was not given an opportunity to be present before the magistrate, nor was a lineup conducted before the warrant was issued.
 "This is not to say that the disputed fact is whether Larry was guilty or innocent of the charge. Rather, the dispute focuses on whether Eddins did in fact see such events, or had reasonably trustworthy information, as would lead a person of reasonable caution to believe that Larry was guilty. Cf. Delchamps v. Morgan, supra (where this Court held that, as a matter of law, Delchamps could have entertained an honest and strong suspicion that store property had been concealed)."
At 1238-1239.
As I understand the record, the evidence presented to the magistrate indicated that at around 7:00 a.m. Cale was standing at the back of the store next to the meat counter, that at that time he observed a black male wearing blue jeans, white tennis shoes, a denim jacket, and a red ball cap, and that he asked the man what he was doing and the man made no response. Cale then saw the man pick up three packs of steaks and walk away; Cale followed him and saw him put the steaks inside his jacket without stopping to pay for them. Cale then called the store manager, Eddins, and told him what he had observed, and Eddins then yelled at the man and told him to stop; he did not stop, but instead began to run. As the man was leaving the sidewalk, Eddins testified, he saw the steaks.
The majority suggests that Eddins did not tell the magistrate that Larry denied taking the steaks and that he had alibi witnesses. I do not believe he was under any duty to present to the magistrate evidence of Larry's possible defense — unless the magistrate questioned him about it, of course. As I understand the evidence, when Eddins initiated the prosecution he had only Larry's denial that he took the steaks. When Larry's mother and brother confronted Eddins in the store,neither stated then that Larry could not have been guilty because he was at home with them. Consequently, it appears to me that the record shows that when the prosecution wasinitiated, Eddins was not aware of the *Page 1241 
alibi testimony that later developed and that was presented by Larry unsuccessfully in his defense in the district court.
Based on the foregoing, I believe that Larry has not shown, by competent evidence, that when the prosecution wasinitiated Delchamps lacked probable cause, and I am clear to the conclusion that Larry has not "clearly overcome," by introducing competent evidence, the prima facie presumption of probable cause that arose because of the district court conviction.