THIGPEN, Judge.
E.F. Phillips appeals from a summary-judgment in favor of K-Mart Corporation (K-Mart), and Tom Jones, an employee of K-Mart. This case was transferred from our Supreme Court pursuant to Ala.Code 1975, § 12-2-7. .
In July 1993, Phillips sued K-Mart and Jones, alleging, among other things, malicious prosecution, false imprisonment, negligence, and breach of privacy. K-Mart and Jones filed a motion for summary judgment, with supporting documentation. The trial court entered a summary judgment in December 1995; hence, Phillips appeals.
The dispositive issue is whether K-Mart and Jones had probable cause to have Phillips arrested and prosecuted for shoplifting.
The record reveals that in May 1992, Phillips went to K-Mart’s store to make a layaway payment. While there, Phillips placed merchandise in a shopping cart before proceeding from the store’s main area into the garden section and into the parking lot, which had some items for sale displayed. Phillips contended that he entered the parking area to continue shopping. Jones, loss control manager at the store, and another employee, James Blevins, approached Phillips and asked to see a receipt for the merchandise in the cart. Phillips contended that he responded by saying that he had not paid for the merchandise because he had not completed shopping. Jones asserts that he then asked Phillips to accompany him to the office, where he contacted law enforcement and advised the officers that Phillips was attempting to steal merchandise. Subsequently, Phillips was arrested, tried, and acquitted.
A summary judgment is appropriate and must be affirmed on appeal when there exists no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. A summary judgment is reviewed by the “substantial evidence” rule.
“Under this rule, once the movant has made a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the nonmovant must rebut this showing by presenting ‘substantial evidence’ creating a genuine issue of material fact. ‘Substantial evidence’ has been defined as ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
Jewell v. Seaboard Industrial, Inc., 667 So.2d 653, 657 (Ala.1995). (Citations omitted.)
A merchant’s employee who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person may take that person into custody and detain him in a reasonable manner for a reasonable length of time, without being civilly liable for false arrest or false imprisonment. Ala.Code 1975, § 15-10-14(a). Additionally, neither the merchant nor the employee may be held civilly liable for causing the arrest if the merchant or the merchant’s employee has probable cause for believing that the person arrested committed larceny of the goods held for sale. Ala.Code 1975, § 15-10-14(c).
Jones testified by deposition regarding K-Mart’s policy and procedure when determining whether a person was shoplifting. He testified that the store manager required him to be “110 percent” certain that a customer was shoplifting, and that the person should be allowed to completely leave the store to demonstrate an intent to deprive K-Mart of the merchandise. Jones stated that he observed Phillips show the cashier a layaway receipt which could not have been for the merchandise in the cart, because those items were not eligible for layaway.
The determinative question is not whether Phillips was actually guilty of shoplifting, but rather, whether Jones observed events that would lead him to believe that Phillips was guilty. The mere fact that Phillips was acquitted in the criminal proceeding does not prove that K-Mart and Jones lacked probable cause to arrest Phillips. See Delchamps, Inc. v. Morgan, 601 So.2d 442 (Ala.1992). “Alabama law requires that ‘the existence of probable cause is to be judged in light of the facts as they appeared when the underlying action was filed.’ ” Gunter v. Perneo Aeroplex, Inc., 646 So.2d 1332, 1334 (Ala.1994) (citation omitted); see McLain v. *1393 Nursefinders of Mobile, Inc., 598 So.2d 853 (Ala.1992).
In support of Ms opposition to the motion for summary judgment, Phillips included excerpts from the depositions of Jones and other K-Mart employees. These excerpts, however, validate the actions of K-Mart and Jones. The record discloses that K-Mart and Jones observed events sufficient to provide probable cause to believe that Phillips had unlawfully removed items from the store, and therefore, the trial court’s judgment regarding the false imprisonment claim is proper.
Actions for malicious prosecution are disfavored in law. ‘“Public policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge.’ ” Eidson v. Olin Corp., 527 So.2d 1283, 1284 (Ala.1988). (Citation omitted.) For the trial court to have erred in entering the summary judgment for K-Mart and Jones, there must have been some evidence from wMch the trial court could reasonably infer each of the following elements required for a cause of action for malicious prosecution: (1) that a judicial proceeding was initiated by K-Mart and Jones against Phillips, (2) that it was initiated without probable cause, (3) that it was instituted maliciously, (4) that it was terminated in favor of Phillips, and (5) that Phillips suffered damage. Delchamps, Inc. v. Morgan, 601 So.2d 442 (Ala.1992); see also Eidson, 527 So.2d 1283.
Phillips contends that, by displaying items for sale in the parking lot, K-Mart eliminated the store’s walls as a “line of demarcation” and created the impression that a customer could continue shopping in the parking lot display without fear of being accused of shoplifting. He seeks to distinguish the facts of his case from those of a similar case, citing Whitlow v. Bruno’s, Inc., 567 So.2d 1235 (Ala.1990). In that ease, the trial court entered a summary judgment favoring the store when the customer had exited the store without paying for merchandise in her possession. Like Phillips, she was stopped and questioned outside the store and was later tried and acquitted of the charges. K-Mart asserted that, ideally, a customer should ask permission before taking unpaid items into a parking lot display; however, it conceded that it has no signs instructing customers in this regard.
Our Supreme Court has stated “[i]t is almost platitudinous to restate the well-entrenched rule that in malicious prosecution cases, the finding of an indictment by a grand jury, against a defendant in a prior judicial proceeding, constitutes prima facie evidence of the existence of probable cause.” Whitlow, 567 So.2d at 1237. As used in malicious prosecution actions, the term “probable cause” is defined “as ‘such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty.’” Delchamps, 601 So.2d at 445. Furthermore, a desire for revenge or ill will is not essential to the existence of malice. S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala.1977).
It is undisputed that Phillips took a shopping cart containing merchandise that was not paid for into the parking lot. Phillips presented no evidence that K-Mart or Jones acted with malice, nor did he present any evidence that he was damaged. Phillips simply failed to present evidence essential to constitute malicious prosecution. K-Mart and Jones presented evidence of probable cause to believe that Phillips may have been guilty of shoplifting. Summary judgment on the claim of malicious prosecution properly disposed of this action, and we, therefore, pretermit discussion of Phillips’s remaining claims. The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.
YATES and MONROE, JJ., dissent.