CRAWLEY, Judge,
dissenting.
Because I believe that the trial court erred by denying Brewer’s motion for directed verdicts on the malicious prosecution and fraud claims, and by denying the City’s motion for a directed verdict on the fraud claim, I must respectfully dissent.

Malicious Prosecution

In this case, there were no material facts in dispute regarding the nature or extent of Lawder’s plumbing work. All parties agreed about what Lawder did. The only dispute was as to whether what he did violated § 34-37-15. In a malicious prosecution action, “[w]hen the facts as they relate to the issue of probable cause are undisputed, as they are here, the question of whether the facts constitute probable cause is one of law for the court and not an issue for the jury to decide.” Gulf States Paper Corp. v. Hawkins, 444 So.2d 381, 390 (Ala.1983). See also McDuff v. Turner, 679 So.2d 1071, 1074 (Ala.Civ.App.1996).
Whether Brewer had probable cause to believe that Lawder was guilty of plumbing without a license depends solely upon the legal interpretation of § 34-37-15. As the majority opinion points out, the statute either means, as Lawder argues, “that a violation does not occur until the homeowner actually ties into the city waste and sewer lines,” or, as the City and Brewer argue, “that a violation has occurred as soon as the homeowner does any type of work in the home that would eventually be tied into the city lines.” (Emphasis added.)
The majority states that “Lawder offered evidence from which reasonable and fair-minded persons might reach different conclusions as to the lack of probable cause.” 718 So.2d at 711. The construction of a statute, however, is a legal question. Sizemore v. Franco Distributing Co., 594 So.2d 143, 147 (Ala.Civ.App.1991); Phenix City Bd. of Educ. v. Teague, 515 So.2d 971 (Ala.Civ.App.1987); Galloway v. State, 371 So.2d 48 (Ala.Civ.App.1979). The meaning of § 34-37-15 (from which probable cause to prosecute is derived) is a question of law, not of fact.
I believe the only reasonable construction of the statute is that argued by the City and Brewer. The word “necessitate” indicates that something will become necessary in the future. See New Jersey Builders Ass’n v. Mayor and Township Committee, 211 N.J.Super. 290, 511 A.2d 740 (1985). “Necessitate” means
“to make necessary; to make inevitable; to involve as an essential element or inevitable outcome or unavoidable consequence. Webster’s Third New International Dictionary.”
211 N.J.Super. at 297, 511 A.2d at 744.
Therefore, Lawder’s plumbing work— though not yet connected to a waste or sewer line — was in violation of the statute because it “necessitate[d] tying into” those lines in order to be functional. However, even if the statute means what Lawder says it does, Brewer still had probable cause to prosecute. To paraphrase what the Alabama Supreme Court said in Kmart Corp. v. Perdue, 708 So.2d 106 (Ala.1997), “The question is not whether [Lawder] was guilty of [plumbing without a license], but whether [Brewer] in fact saw events that would have led him to believe that [Lawder] was [guilty].” In Kmart Corp. v. Perdue, our supreme court wrote:
“We first note that malicious prosecution cases are not favored at law; this Court has consistently recognized that public policy requires that all persons be able to resort freely to the courts for redress of *715 wrongs and to enforce their rights, and that they be able to do so without the peril of an action for damages in the event of an unfavorable judgment by jury or judge. Delchamps, Inc. v. Morgan, 601 So.2d 442 (Ala.1992). Moreover, there is a different standard for determining whether there was a want of probable cause where the prior proceeding was a criminal case rather than a civil case. Brown v. Parnell, 386 So.2d 1137 (Ala.1980). Where, as here, there was a prior conviction in a criminal case, the judgment of conviction is prima facie evidence of the existence of probable cause for initiating the action, even if the conviction was later vacated and the accused discharged. Parnell. This prima facie showing of probable cause for the arrest may be rebutted only when the evidence clearly overcomes the presumption arising from the fact of the conviction. Parnell. This is so because, while a subsequent reversal of the conviction may indicate that the accused was not guilty, it does not prove or suggest that the present defendant did not have probable cause to believe that the accused was guilty. Del-champs.
“ ...[Tjhis Court has defined ‘probable cause’ as that term is used in a malicious prosecution case to mean “‘such state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty.”’ Delchamps, 601 So.2d at 445 (quoting Birwood Paper Co. v. Damsky, 285 Ala. 127, 134, 229 So.2d 514, 521 (1969)). The question is not whether Cameron and Perdue were guilty of shoplifting, but whether Sharp in fact saw events that would have led him to believe that they were. Delchamps.”
708 So.2d at 109 (emphasis in original).

Fraud

Mr. Brewer’s letter of January 10, 1992, states:
“Mr. Lawder, you are in direct violation of local and state plumbing codes. As I talked to you January 9, 1992, stating that you cannot install plumbing without first obtaining a State of Alabama Master Plumbers card, a City of Gadsden Master Plumbers registration card and a City of Gadsden Plumbing license. Before a City of Gadsden Plumbing license can be obtained, you must have a minimum of $100,-000.00 liability insurance. After these requirements have been met and before the plumbing work begins, a permit must then be purchased. By State law there is not a homeowners plumbing permit available. You can contract a licensed plumber who is allowed to purchase a plumbing permit and install the plumbing.
“Mr. Lawder, I am officially issuing in this letter a stop work order until you meet these requirements or contract a licensed plumber with the City of Gadsden to install the plumbing.
“City of Gadsden Code of Ordinances— Section 6-125— Certificate of competency required to contract, direct or superintend any plumbing.
“It shall be unlawful for any person to do or perform, or to contract, direct or superintend any plumbing within the city unless such person has first received a certificate of competency, and unless such certificate is in force and effect at the time such plumbing is done, directed or superintended.
“Mr. Lawder, this is a warning to you to make the necessary corrections 'within (10) ten working days upon receipt of this letter or I will be forced to take legal action against you.”
(Emphasis in original.) I do not think that the letter, read reasonably, could have led to the belief that if Lawder ceased work, he would not be prosecuted. The letter gave Lawder 10 days not only to “stop work,” but also to comply with the requirements; One of the requirements was for Lawder either to have the work done by a licensed plumber or, in the alternative, to receive a certificate of competency himself. Lawder did neither.
Nevertheless, even conceding the possibility that the letter led Lawder to believe stopping the work would insulate him from liability, the claim is clearly one of promissory fraud involving a future act, a promise not to prosecute. Compare Mann v. Bank of Tal- *716 lassee 694 So.2d 1375 (Ala.Civ.App.1996) (plaintiffs who alleged that bank told them that equipment would not be repossessed and that impending foreclosure was “a mere formality” stated a claim of promissory fraud and were required to prove an intent to deceive). Section 11-47-190, Ala.Code 1975, absolves a municipality from liability for promissory fraud. Altmayer v. City of Daphne, 613 So.2d 366 (Ala.1993).