Favorite Market Store d/b/a F.M. Service Corporation ("Favorite Market") appeals from a judgment entered by the Etowah Circuit Court awarding Doyce Waldrop $6,500 in damages in his action alleging malicious prosecution. We reverse and remand.
Waldrop filed this action in the Etowah District Court asserting a single claim of malicious prosecution in connection with a *Page 721 
criminal charge against Waldrop. The district court entered a summary judgment in favor of Favorite Market. Waldrop appealed to the circuit court for a trial de novo. After an ore tenus hearing, the circuit court entered a judgment in Waldrop's favor and awarded him $1,500 in compensatory damages and $5,000 in punitive damages. Following the denial of its motion for a judgment as a matter of law ("JML"), Favorite Market appealed.[1]
In the early morning hours of June 3, 2001, Diana Ainsworth was working as a cashier at a Favorite Market convenience store in Guntersville. Between 1:00 a.m. and 2:30 a.m. on June 3, Ainsworth noticed that someone had pumped $5.00 worth of gasoline at one of the store's pumps, but had not paid. Ainsworth saw a white male leave the store, get in the vehicle at the pump in question, and drive away without paying for the gasoline. Ainsworth observed that the vehicle was a mid-sized, white, four-door car, and she wrote down the tag number of the car. Ainsworth testified that she prepared an internal company incident report and attached the receipt for the stolen gasoline to that report.[2] Shortly after the incident occurred, Ainsworth called the Guntersville police to report the incident; she gave an oral statement to the officers who came to the store. A police officer prepared a "Uniform Incident/Offense Report" ("the police incident report") based on Ainsworth's statement and a search of the relevant law-enforcement databases to identify the owner of the vehicle that had been assigned the tag number Ainsworth had recorded. The police incident report showed that the tag number provided by Ainsworth was assigned to a white, four-door Dodge Neon automobile owned by Waldrop. Within a day or two after the incident, Ainsworth went to the police station, filled out additional paperwork, and signed a warrant for Waldrop's arrest.[3]
The Guntersville police presented the information from Ainsworth to a magistrate and obtained a warrant for Waldrop's arrest. Approximately two weeks later, the Guntersville police contacted Waldrop, who turned himself in. For reasons not clear from the record, Waldrop was never brought before Ainsworth for identification.
No representative of Favorite Market appeared at Waldrop's preliminary hearing, and the City prosecutor dismissed the criminal case against Waldrop. Ainsworth testified that she did not attend the hearing because she did not receive notice of the hearing.[4] Waldrop signed a document releasing the City of Guntersville from liability in connection with his arrest. *Page 722 
Waldrop lives near Gadsden, Alabama, approximately 60-70 miles from the Favorite Market store where the incident occurred. Waldrop testified that he was at work on the night of the incident and that it would be irrational for him to drive 125 miles to steal $5.00 worth of gas.
Favorite Market contends that the trial court erred by failing to enter a judgment as a matter of law in its favor because, it contends, Waldrop did not present substantial evidence indicating that Favorite Market acted without probable cause or that Favorite Market acted with malice.
When reviewing a ruling on a motion for a JML, this court uses the same standard the trial court used initially in granting or denying the JML. Palm Harbor Homes, Inc. v. Crawford,689 So.2d 3 (Ala. 1997). The nonmovant must present "substantial evidence" in order to withstand a motion for a JML. See Ala. Code 1975, §12-21-12; and West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). In reviewing a ruling on a motion for a JML, this court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the trier of fact would have been free to draw.Motion Industries, Inc. v. Pate, 678 So.2d 724 (Ala. 1996).
The elements of a claim of malicious prosecution are: (1) institution of a prior judicial proceeding by the present defendant, (2) a lack of probable cause, (3) malice on the defendant's part, (4) termination of the prior proceeding in favor of the present plaintiff, and (5) damage. Delchamps, Inc.v. Bryant, 738 So.2d 824, 831-33 (Ala. 1999). In this case, only the second and third elements — lack of probable cause and malice — are at issue.
Malicious-prosecution actions are disfavored in the law. Cuttsv. American United Life Ins. Co., 505 So.2d 1211, 1214 (Ala. 1987). Our Supreme Court has stated:
 "`"One of the reasons for this rule is that public policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge. If this were not the case, a large proportion of unsuccessful civil actions would be followed by suits for malicious prosecution, and there would be a piling of litigation on litigation without end."'"
Bryant, 738 So.2d at 832 (quoting Delchamps, Inc. v. Morgan,601 So.2d 442, 445 (Ala. 1992), quoting in turn Liberty LoanCorp. of Gadsden v. Mizell, 410 So.2d 45, 48 (Ala. 1982)).[5]
To prevail, Waldrop must present substantial evidence indicating that Favorite Market lacked probable cause when it initiated the prior proceeding. Probable cause is defined as "`such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty.'" Delchamps, Inc. v. Morgan, 601 So.2d at 445
(quoting Birwood Paper Co. v. Damsky, 285 Ala. 127, 134,229 So.2d 514, 521 (1969)). The question in this case therefore is not whether Waldrop was in fact guilty of theft, but whether Ainsworth saw, or in the exercise of ordinary caution and prudence, thought she saw, the tag number that she reported to the police. Morgan, 601 So.2d at 445. *Page 723 
In this case, Waldrop has not presented substantial evidence indicating that Favorite Market lacked probable cause when it initiated the prior proceeding. At the time Favorite Market initiated the prior proceeding — i.e., when Ainsworth filed the report with the Guntersville police — it had probable cause to believe that someone had stolen gasoline and that a car with a tag number eventually traced to Waldrop's car was involved. Although there was evidence indicating that the tag might have been hard to see due to the dim lighting and the distance from the cashier's station to the pump, there is no evidence that Ainsworth did not have an honest belief that she correctly wrote down the tag number. Nor is there any evidence that visibility was so poor that a person exercising ordinary caution and prudence would not have entertained a strong and honest suspicion that the tag number could be reliably read. Waldrop testified that he had no evidence indicating that Ainsworth did not look out the window and write down a tag number, though he testified that Ainsworth made a mistake and wrote down the wrong tag number. We also note that the information that Ainsworth provided to the Guntersville police was sufficient to convince a magistrate that there was probable cause to issue a warrant for Waldrop's arrest.[6]
In Morgan, a store employee had probable cause to arrest a shopper for theft of cigarettes based on a visible outline of a pack of cigarettes in the shopper's pocket. Even though it was subsequently shown that the outline was that of a partial pack that was not stolen, the employee's honest and strong suspicion was sufficient to establish probable cause. Morgan,601 So.2d at 445. In Bryant, there was probable cause to arrest a man for shoplifting based on the erroneous identification of his picture by store employees. In Lindsey v. Camelot Music, Inc.,628 So.2d 314 (Ala. 1993), a summary judgment for the defendant was affirmed because the store employee had probable cause to believe that a teenager was aiding and abetting theft by deliberately blocking the employee's view of another teenager who was shoplifting cassette tapes. The plaintiff's acquittal in the prior criminal proceeding and his general denial did not create a jury issue as to the existence of probable cause.
Similarly, in this case, we conclude that there is not substantial evidence indicating that, at the time she initially contacted the police, Ainsworth did not have the requisite probable cause.
Favorite Market also argues that the record does not support a finding that it acted with the malice required to establish a claim of malicious prosecution. While we find Favorite Market's argument to be meritorious, we pretermit any further discussion of it in light of the dispositive nature of the probable-cause issue discussed above.
We reverse the judgment of the trial court and remand the cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
PITTMAN, J., concurs in the result, without writing.
[1] Favorite Market moved for a JML at the close of the Waldrop's case-in-chief, and it renewed its motion at the close of all the evidence.
[2] This incident report was not introduced into evidence, and there was testimony from Favorite Market's corporate representative that the report could not be located, possibly because a former supervisor of Ainsworth's did not forward it to the corporate office of Favorite Market.
[3] The record does not contain a copy of the arrest warrant or the paperwork that Ainsworth signed in order to have the warrant issued. The only law-enforcement documents in evidence are the police incident report prepared by the police officer after the initial contact with Ainsworth and the arrest report prepared when Waldrop turned himself in. The only police officer to testify did not recall any of the details of Waldrop's case.
[4] The record contains no indication, other than the failure of a representative of Favorite Market to appear at the hearing, as to why Waldrop's case was dismissed; nor does the record reveal what steps, if any, were taken to notify Ainsworth of the hearing.
[5] Further, our Supreme Court has recently reiterated that negligent prosecution is not a cognizable tort claim in this state. Ex parte State Farm Mut. Auto. Ins. Co., 924 So.2d 706
(Ala. 2005) (prior proceeding was a civil action).
[6] Because probable cause must be determined as of the time the defendant initiated the prior proceeding, Waldrop's subsequent explanation of why he could not be the guilty person is not relevant because Ainsworth did not have that information at the time she filed her report with the police. Nor can liability be imposed on Favorite Market because of deficiencies, if any, in the investigation by the Guntersville police department. *Page 724