MOORE, Judge.
 

 Mark Davis (“the father”) appeals from a judgment of the Lauderdale Circuit Court awarding Tonya Blackstock (“the mother”) primary custody of the parties’ child and modifying the father’s child-support obligation. We reverse and remand.
 

 Facts and Procedural History
 

 The father and the mother married on November 11, 2000. Four months later, while they were residing in Tennessee, the father and the mother separated. The mother was pregnant with the child at the time of the separation. Subsequently, a petition for divorce was filed in the Chancery Court for Lawrence County, Tennessee (“the Tennessee trial court”). Before the Tennessee trial court ruled on the divorce petition filed with that court, the father and the mother moved to Alabama, where the mother gave birth to the child on December 27, 2001.
 

 On February 15, 2002, the Tennessee trial court entered a judgment divorcing the father and the mother. In essence, the Tennessee judgment granted the father and the mother joint custody, with the mother receiving primary physical custody and child support. In June 2002, while the father, the mother, and the child continued to reside in Alabama, the father petitioned the Tennessee trial court for a modification of its February 15, 2002, judgment with regard to custody. On September 3, 2003, the Tennessee trial court modified its divorce judgment by granting the father equal physical custody on a four-day rotating basis and terminating the father’s child-support obligation.
 

 The mother appealed the September 3, 2003, judgment to the Tennessee Court of Appeals. On October 12, 2004, the Tennessee Court of Appeals issued an opinion and an order affirming that portion of the September 3, 2003, judgment that modified custody and vacating that portion of the judgment that modified the father’s child-support obligation. The Tennessee Court of Appeals remanded the case for a hearing to determine which parent should be the “primary residential parent” and whether child support should be awarded. See
 
 Davis v. Davis,
 
 (No. M2003-02312-COA-R3-CV) (Tenn.Ct.App.2004) (not reported in S.W.3d). The Tennessee trial court never acted on this mandate.
 

 On February 6, 2006, the mother filed a petition for modification of custody and child support in the Lauderdale Circuit Court (“the Alabama trial court”). In response, on February 23, 2006, the father filed a petition for a custody hearing in the Tennessee trial court. Both parties filed motions to dismiss the other’s petition on the ground of lack of subject-matter jurisdiction. The mother argued that the Tennessee trial court no longer had jurisdiction over the custody issue because the father, the mother, and the child had resided in Alabama for the preceding four years. The father argued that the Alabama trial court could not exercise jurisdiction because the Tennessee court was continuing to exercise its jurisdiction. The Alabama trial court granted the father’s motion to dismiss, but it set aside its dismissal order after the mother alleged that the Tennessee trial court had yielded jurisdiction to Alabama as a more convenient forum and had dismissed the father’s cus
 
 *798
 
 tody-hearing petition.
 
 [1]
 

 The parties proceeded to a custody hearing in the Alabama trial court. At the hearing, the father requested that the mother be held in contempt for failing to abide by the Tennessee trial court’s September 3, 2003, judgment; he also requested that he be awarded primary physical custody of the child. The mother denied that she was in contempt and requested that she be awarded primary physical custody of the child. Following ore tenus proceedings, the Alabama trial court entered a judgment on September 1, 2006. The Alabama trial court’s judgment maintained joint legal custody, but it awarded the mother primary physical custody of the child and awarded the father visitation. The Alabama trial court further ordered the father to pay child support and to pay one-half of the uninsured-medical expenses of the child. The judgment also provided the father a credit of $1,338.93 to be applied to his share of the child’s uninsured-medical expenses.
 

 Discussion
 

 A.
 
 Whether the Alabama Trial Court Had Subject-Matter Jurisdiction Over the Custody Issue
 

 The father first argues that the Alabama trial court did not have jurisdiction to modify the custody order entered on September 3, 2003, by the Tennessee trial court. The father bases his argument on two different grounds: 1) that the Tennessee trial court still had jurisdiction over the custody dispute because it had not yet acted on the mandate from the Tennessee Court of Appeals and 2) that under Tennessee’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (“the Tennessee UCCJEA”), the Tennessee trial court had continuing exclusive jurisdiction over the custody issue.
 

 As to the first argument, the father is correct that the Tennessee trial court had not yet acted on the mandate of the Tennessee Court of Appeals; however, the father fails to recognize that the mandate did not concern the custody dispute. The Tennessee Court of Appeals affirmed the modification of the custody arrangement and remanded the case solely for the purpose of having the Tennessee trial court determine which parent should be designated the primary residential parent for the purpose of determining child support.
 
 [2]
 
 Thus, the issue of custody had been finally determined and was not before the Tennessee trial court on remand.
 

 At the time the mother filed her custody-modification petition in the Alabama trial court, there was no simultaneous custody proceeding pending in the Tennessee trial court that could have had any effect on the subject-matter jurisdiction of the Alabama trial court.
 
 See
 
 Ala.Code 1975, § 30-3B-206. Hence, and considering further the father’s failure to cite any legal authority to support this position,
 
 see
 
 Rule 28(a)(10), Ala. R.App. P., we reject the father’s argument that the Alabama trial court did not have subject-matter jurisdiction because the Tennessee trial court had yet to act on the mandate of the Tennessee Court of Appeals.
 

 The father next asserts that the Tennessee trial court had exclusive, continuing
 
 *799
 
 jurisdiction over the custody issue pursuant to Tenn.Code Ann. § 36-6-217, a part of the Tennessee UCCJEA.
 
 [3]
 
 That statute provides, in pertinent part:
 

 “(a) ... [A] court of this state which has made a child-custody determination consistent with this part has exclusive, continuing jurisdiction over the determination until:
 

 “(1) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or
 

 “(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.”
 

 The father argues that because the Tennessee trial court did not make a determination under subsection (a)(1), it retained exclusive, continuing jurisdiction over the matter. However, the father overlooks the fact that the Tennessee statute (and the corresponding Alabama statute) provide alternative bases for terminating a court’s exclusive, continuing jurisdiction. Under subsection (a)(2), the Tennessee trial court loses continuing, exclusive jurisdiction once a court of another state determines that the child, the child’s parents, and any person acting as a parent no longer “presently” reside in Tennessee. The father concedes that all relevant parties resided in Alabama at the time the mother filed her petition in the Alabama trial court.
 
 See Peterson v. Peterson,
 
 965 So.2d 1096, 1099 (Ala.Civ.App.2007) (“Continuing, exclusive jurisdiction under § 30-3B-202(a) is determined on the basis of the circumstances existing on the date a petition seeking a modification of a[ ] ... prior custody determination is filed.”);
 
 see also
 
 § 30-3B-202, Ala.Code 1975, Official Comment (“Jurisdiction attaches at the commencement of a proceeding.”).
 

 Although the Alabama trial court did not make an express finding that the father, the mother, and the child all resided in Alabama, it denied the father’s motion to dismiss for lack of subject-matter jurisdiction based, in part, on the mother’s factual assertion that all relevant parties had resided in Alabama since 2001. Hence, the Alabama trial court at least impliedly determined that none of the relevant parties resided in Tennessee. That finding is supported by substantial evidence contained in the record. Consequently, the Tennessee trial court no longer retained exclusive, continuing jurisdiction over the custody issue at the time the mother filed her custody-modification petition in the Alabama trial court.
 

 Having rejected both of the father’s arguments, we find that the Alabama trial court did not err by exercising jurisdiction over the mother’s petition to modify custody-
 

 
 *800
 
 B.
 
 Whether There Was a Material Change Affecting the Child’s Welfare
 

 “In cases in which a parent seeks a modification of a joint-custody arrangement, the parent must prove ‘ “a material change of circumstances of the parties since the prior [judgment] which change of circumstances is such as to affect the welfare and best interest of the child or children involved.” ’ ”
 
 Morgan v. Morgan,
 
 964 So.2d 24, 34 (Ala.Civ.App.2007) (quoting
 
 Watters v. Watters,
 
 918 So.2d 913, 916 (Ala.Civ.App.2005), quoting in turn
 
 Ponder v. Ponder,
 
 50 Ala.App. 27, 30, 276 So.2d 613, 615 (Civ.1973)).
 

 The evidence showed that at the time the 2003 custody judgment was entered, when the child was not yet two years old, the father resided in Decatur, Alabama, and the mother resided in Florence, Alabama. The child attended day care in Florence at First Day Childcare & Development Center (“First Day”). The father had testified in the 2003 hearing that he planned to move to Florence when the child got older.
 

 Since the entry of the 2003 judgment, the father has remained a resident of Decatur, although he testified that he still plans to move to Florence before the child starts kindergarten. The mother and the father have alternated physical custody of the child every four days. The child cried at some early custody exchanges, but she has not regularly cried during exchanges since August 2004. The father arranged with the First Day staff to send him the child’s materials so that he could work with her on her projects, such as coloring, on the days she could not attend day care while in his custody.
 

 The child participated in gymnastics in Decatur and attended church in both Decatur and Florence depending on which parent had custody. However, due to the custody arrangement, the child could not participate in tee ball and cheerleading. The child had also missed some day-care ceremonies, field trips, birthday parties, and church activities while in the father’s custody. The child complained to her mother about missing those events and the constant change of environment. Nevertheless, the child thrived in this arrangement. Witnesses testified that the child is a loving, caring, and smart child who is very progressed for her age. Both parties also agree that the other party enjoys a loving relationship with the child.
 

 The child was to commence pre-kinder-garten school in the fall of 2006. The mother originally planned for the child to attend a different school, but ultimately she decided that the child would remain at First Day. Although the pre-kindergarten program is more structured than the daycare program the child had previously attended, the teacher who would be teaching the child’s class testified that there is a part-time program and that sometimes they are flexible with the days of attendance. The teacher further testified that she would not have a problem sending the father the child’s workbooks for him and the child to work on when she is in his custody.
 

 Based on the totality of the evidence, we conclude that the mother failed to meet her burden of showing that a material change of circumstances had occurred that affected the child’s welfare since the last custody order.
 
 See, e.g., Watters v. Watters,
 
 918 So.2d 913, 916-17 (Ala.Civ.App.2005). The evidence shows that the only change that has occurred has been the natural progression of the child to prekindergarten school. However, the mother has not demonstrated how this change, in the context of the joint-custody arrangement, has affected the child’s welfare or best interest. The evidence shows that
 
 *801
 
 the child could attend pre-kindergarten part-time and that the father could instruct the child on the days she did not attend. The child thrived in a similar arrangement in day care. The mother presented no evidence to indicate that the child would not continue to thrive while in pre-kindergarten under the same arrangement. The only other relevant evidence the mother presented showed that the child expressed anxiety at exchanges and that she would miss school, church, and extracurricular activities if the current custody arrangement was maintained. However, as the father points out, even under the physical-custody arrangement approved by the Alabama trial court, the child would still experience exchanges and would still miss activities.
 

 Accordingly, we reverse the Alabama trial court’s modification of the 2003 custody judgment.
 

 C.
 
 Child Support
 

 Our reversal of the trial court’s judgment with regard to custody will necessarily impact the child-support award. Therefore, we remand this case for the Alabama trial court to reconsider its child-support award in light of this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN and THOMAS, JJ„ concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 . The alleged order of the Tennessee trial court dismissing the father's petition and yielding jurisdiction to the Alabama trial court was not reduced to writing at the time the father brought this appeal. Hence, the record does not contain the alleged order, and we cannot consider this allegation as proven for purposes of this appeal.
 

 [2]
 

 . The father does not argue that the Alabama trial court lacked subject-matter jurisdiction to modify his child-support obligation; hence, we will not address that point.
 

 [3]
 

 . Section 30-3B-202, Ala.Code 1975, the corresponding section of Alabama’s UCCJEA, provides, in pertinent part:
 

 "(a) ... [A] court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203 has continuing, exclusive jurisdiction over the determination until:
 

 "(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships: or
 

 "(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.”