After Remand from the Alabama Supreme Court
 

 MOORE, Judge.
 

 On June 29, 2007, this court reversed that part of a judgment entered by the Lauderdale Circuit Court (“the trial court”) modifying a prior judgment entered by a Tennessee court, which had awarded Mark Davis (“the father”) and Tonya Blackstock (“the mother”) joint custody of their minor child, by awarding the mother primary physical custody of the child.
 
 See Davis v. Blackstock,
 
 47 So.3d 796 (Ala.Civ.App.2007). Although the issue of child support was raised by the father on appeal, we noted in our prior opinion that our reversal of the judgment with regard to custody would necessarily impact the child-support award, and we remanded the cause for the trial court to reconsider its child-support award. 47 So.3d at 801.
 

 This court’s prior judgment has now been reversed by the Supreme Court of Alabama.
 
 Ex parte Blackstock,
 
 47 So.3d 801 (Ala.2009). In compliance with the supreme court’s opinion, the trial court’s judgment relating to the modification of custody is affirmed. Therefore, we must now address the issue of child support.
 

 
 *817
 
 The father argues that the trial court’s child-support award to the mother of $469 per month was in error. The trial court attached a Form CS-42 Child-Support Guidelines statement,
 
 see
 
 Rule 32, Ala. R. Jud. Admin., to its September 1, 2006, judgment. Based on the parties’ incomes, the trial court determined the basic child-support obligation to be $540. The trial court then added child-care costs of $364, resulting in a $904 total child-support obligation. The father’s percentage share of the parties’ income is 48.13%, and the mother’s percentage share is 51.87%. Therefore, the mother’s share of the $904 total child-support obligation is $469, and the father’s share is $435. It appears that the trial court inadvertently ordered the father to pay the amount of child support that, according to its calculations, the mother would have been obligated to pay had the father been awarded primary physical custody of the child. Thus, we conclude that the trial court’s award of child support is in error.
 

 We also note that, although the trial court ordered that “the child shall have medical insurance coverage from her mother’s husband through his place of employment, if it is available,” the trial court failed to include the health-insurance costs in the total child-support obligation. When this action was filed, Rule 32(B)(7), Ala. R. Jud. Admin., provided, in part:
 
 [1]
 

 “(a) The actual cost of a premium to provide health insurance benefits for the children shall be added to the ‘basic child support obligation’ and shall be divided between the parents in proportion to their adjusted gross income in the percentages indicated on the Child Support Guidelines form (Form CS-42).
 

 “(b) The amount to be added to the ‘basic child support obligation’ shall be the actual amount of the total insurance premium for family/dependent coverage, regardless of whether all children covered are in the same family.”
 

 See also Balfour v. Balfour,
 
 660 So.2d 1015, 1017 (Ala.Civ.App.1995). The trial court did not state any reasons for deviating from the child-support guidelines. “A trial court’s failure to apply the guidelines or to explain why the deviation occurred, requires reversal.”
 
 Spillers v. Spillers,
 
 707 So.2d 256, 258 (Ala.Civ.App.1997).
 

 Based on the foregoing, the trial court’s judgment pertaining to custody is affirmed. That portion of the trial court’s judgment pertaining to child support is reversed, and the cause is remanded for the trial court to recalculate the father’s child-support obligation in accordance with Rule 32 and this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Rule 32 was amended effective January 1, 2009. However, because this action was filed before January 1, 2009, the amended rule does not apply in this case.
 
 See
 
 Rule 32, Preface Relating to Scope.