THOMAS, Judge.
 

 Sharia Garrett (“the mother”) appeals from a judgment of the DeKalb Circuit Court (“the trial court”) registering and enforcing a foreign child-custody order regarding J.W. (“the child”). We dismiss the appeal for want of subject-matter jurisdiction.
 

 On September 1, 2010, Mary Nell Williams and Johnny L. Williams (collectively referred to as “the paternal grandparents”) filed a petition in the trial court to register and enforce a foreign child-custody order from Mississippi. The paternal grandparents attached to the petition a certified copy of the order that they sought to register and enforce. The order, which was entered by the Chancery Court of Yazoo County, Mississippi (“the Mississippi Court”), on March 14, 2010, stated, in pertinent part, that
 

 “the [child] shall remain in the custody and guardianship of [the paternal grandparents]. Further, that the terms of the Agreed Order Continuing Guardianship entered in Cause No. 07-0319 on April 15, 2009, apply to this cause and shall remain in full force and effect. A copy of said agreed order of April 15, 2009 is attached hereto as Exhibit ‘A’ and incorporated herein by reference.”
 

 The copy of the foreign child-custody order attached by the paternal grandparents did not include a copy of the agreed order referenced as “Exhibit A.”
 
 [1]
 

 On September 2, 2010, the trial court entered an order setting the paternal grandparents’ petition for a hearing and directing that the mother be served a copy of the petition. On the same day, the trial court entered an order awarding temporary custody of the child to the paternal grandparents, determining that the foreign child-custody order should be given full faith and credit, establishing the foreign child-custody order as a foreign judgment, and determining that the foreign child-custody order should be enforced.
 

 On September 3, 2010, the mother moved the trial court to stay enforcement of its September 2, 2010, order. In her motion, the mother alleged that she had had physical custody of the child since August 2009, pursuant to an oral agreement between the mother and the paternal grandparents. The mother also argued that the paternal grandparents’ petition was improperly filed because it did not contain a copy of the previous order of the Mississippi court, which was referred to in the foreign child-custody order as “Exhibit A” and which had been incorporated by reference into the foreign child-custody order. Additionally, the mother alleged that she did not have any notice of the March 2010 proceedings that resulted in the foreign child-custody order and that Alabama was the home state of the child at the time of the commencement of the March 2010, proceedings in the Mississippi court. The mother further alleged that she had filed a petition in the DeKalb Juvenile Court
 
 *848
 
 seeking custody of the child before she had received notice of the paternal grandparents’ petition. The trial court granted the mother’s petition, staying enforcement of its September 2, 2010, order and setting the paternal grandparents’ petition for a hearing on September 7, 2010.
 

 The mother then moved the trial court to vacate its September 2, 2010, order domesticating the foreign child-custody order. Among other arguments, the mother alleged that the paternal grandparents had not complied with the registration requirements of § 30-3B-305, Ala.Code 1975, a part of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UC-CJEA”), § 30-3B-101 et seq., Ala.Code 1975. In her motion, the mother alternatively argued that the trial court should exercise concurrent jurisdiction with the Mississippi court because, the mother alleged, the paternal grandparents had abandoned their rights under the foreign child-custody order by not exercising their rights to custody and guardianship of the child.
 

 Following a hearing, the trial court entered an order on September 7, 2010, granting the paternal grandparents’ petition to enforce the foreign child-support order. The mother subsequently appealed to this court.
 

 The mother argues on appeal that the trial court improperly enforced the foreign child-custody order because, she says, the paternal grandparents did not properly register the foreign child-custody order. A party seeking to enforce a foreign child-custody order must register the foreign child-custody order according to the requirements of § 30-3B-305, which provides, in pertinent part:
 

 “(a) A child custody determination issued by a court of another state may be registered in this state, with or without a simultaneous request for enforcement, by sending to the appropriate court in this state:
 

 “(1) A letter or other document requesting registration;
 

 “(2) Two copies, including one certified copy, of the determination sought to be registered, and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified; and
 

 “(3) Except as otherwise provided in Section 30-3B-209, [Ala.Code 1975,] the name and address of the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered.”
 

 The paternal grandparents’ petition to register and enforce the foreign child-custody order did not comply with the requirements of § 30-3B-305. The petition filed by the paternal grandparents was accompanied by only a single, incomplete, certified copy of the foreign child-custody order. Moreover, the paternal grandparents did not include a “statement under penalty of perjury that to the best of [their] knowledge and belief’ the foreign child-custody order had not been modified. § 30-3B-305(a)(2).
 

 Although this court has not determined the effect of a failure to comply with the registration requirements of § 30-3B-305, we have held that a failure to comply with the registration requirements of § 30-3A-602, Ala.Code 1975, a part of the Uniform Interstate Family Support Act (“the UIFSA”), § 30-3A-101 et seq., Ala. Code 1975, deprives a trial court of subject-matter jurisdiction to enforce a foreign child-support order.
 
 See Mattes v. Mattes,
 
 60 So.3d 887, 891 (Ala.Civ.App.2010). The registration requirements of
 
 *849
 
 the UIFSA and the UCCJEA both serve a similar function. The Official Comment to § 30-3B-305 notes that the registration process of the UCCJEA “parallels the process in UIFSA for the registration of child support orders.” Moreover, § 30-3B-306 provides that a court of this state may enforce only a registered foreign child-custody order.
 
 [2]
 
 Because the paternal grandparents did not comply with the statutory requirements of § 30-3B-305, the trial court did not obtain subject-matter jurisdiction over the foreign child-custody order. Thus, the trial court could not enforce the foreign child-custody order.
 

 Because the trial court did not have subject-matter jurisdiction to enforce the foreign child-custody order, the trial court’s judgment is void.
 
 Gulf Beach Hotel, Inc. v. State ex rel. Whetstone,
 
 935 So.2d 1177, 1183 (Ala.2006). A void judgment will not support an appeal.
 
 Id.
 
 “[A]n appellate court must dismiss an attempted appeal from ... a void judgment.”
 
 Vann v. Cook,
 
 989 So.2d 556, 559 (Ala.Civ.App.2008). Therefore, we dismiss the mother’s appeal and instruct the trial court to vacate its September 2, 2010, order and its September 7, 2010, judgment.
 
 [3]
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . "Exhibit A” contained the details of the Mississippi court’s custody award, which in-eluded liberal visitation for the mother.
 

 [2]
 

 . Section 30-3B-306 provides:
 

 "(a) A court of this state may grant any relief normally available under the law of this state to enforce a registered child custody determination made by a court of another state.
 

 "(b) A court of this state shall recognize and enforce, but may not modify, except in accordance with Article 2, a registered child custody determination of a court of another state.”
 

 [3]
 

 . Because we hold that the paternal grandparents did not properly invoke the subject-matter jurisdiction of the trial court, we pre-termit discussion of the mother's remaining arguments on appeal.
 
 See Favorite Market Store v. Waldrop,
 
 924 So.2d 719, 723 (Ala.Civ.App.2005).