MOORE, Judge.
This is the second time these parties have been before this court. See Davis v. Blackstock, 47 So.3d 796 (Ala.Civ.App.2007) (“Davis I”). In Davis I, Mark D. Davis (“the father”) appealed from a judgment of the Lauderdale Circuit Court (“the Alabama trial court”) modifying custody of the child born of his marriage to Tonya S. Blackstock (“the mother”) and ordering him to pay child support. In Davis I, we set forth the history of this case as follows:
“The father and the mother married on November 11, 2000. Four months later, while they were residing in Tennessee, the father and the mother separated. The mother was pregnant with the child at the time of the separation. Subsequently, a petition for divorce was filed in the Chancery Court for Lawrence County, Tennessee (‘the Tennessee trial court’). Before the Tennessee trial court ruled on the divorce petition filed with that court, the father and the mother moved - to Alabama, where the mother gave birth to the child on December 27, 2001.
“On February 15, 2002, the Tennessee trial court entered a judgment divorcing the father and the mother. In essence, the Tennessee judgment granted the father and the mother joint custody, with the mother receiving primary physical custody and child support. In June 2002, while the father, the mother, and the child continued to reside in Alabama, the father petitioned the Tennessee trial court for a modification of its February 15, 2002, judgment with regard to custody. On September 3, 2003, the Tennessee trial court modified its divorce judgment by granting the father equal physical custody on a four-day rotating basis and terminating the father’s child-support obligation.
“The mother appealed the September 3, 2003, judgment to the Tennessee Court of Appeals. On October 12, 2004, the Tennessee Court of Appeals issued an opinion and an order affirming that portion of the September 3, 2003, judgment that modified custody and vacating that portion of the judgment that modified the father’s child-support obligation. The Tennessee Court of Appeals remanded the case for a hearing to determine which parent should be the ‘primary residential parent’ and whether child support should be awarded. See Davis v. Davis, (No. M2003-02312-COA-R3-CV) (Tenn.Ct.App.2004) (not reported in S.W.3d). The Tennessee trial court never acted on this mandate.
“On February 6, 2006, the mother filed a petition for modification of custody and child support in the Lauderdale Circuit Court (‘the Alabama trial court’). In response, on February 23, 2006, the father filed a petition for a custody hearing in the Tennessee trial court. Both parties filed motions to dismiss the other’s petition on the ground of lack of subject-matter jurisdiction. The mother argued that the Tennessee trial court no *698 longer had jurisdiction over the custody issue because the father, the mother, and the child had resided in Alabama for the preceding four years. The father argued that the Alabama trial court could not exercise jurisdiction because the Tennessee court was continuing to exercise its jurisdiction. The Alabama trial court granted the father’s motion to dismiss, but it set aside its dismissal order after the mother alleged that the Tennessee trial court had yielded jurisdiction to Alabama as a more convenient forum and had dismissed the father’s custody-hearing petition.
“The parties proceeded to a custody hearing in the Alabama trial court. At the hearing, the father requested that the mother be held in contempt for failing to abide by the Tennessee trial court’s September 3, 2003, judgment; he also requested that he be awarded primary physical custody of the child. The mother denied that she was in contempt and requested that she be awarded primary physical custody of the child. Following ore tenus proceedings, the Alabama trial court entered a judgment on September 1, 2006. The Alabama trial court’s judgment maintained joint legal custody, but it awarded the mother primary physical custody of the child and awarded the father visitation. The Alabama trial court further ordered the father to pay child support and to pay one-half of the uninsured-medical expenses of the child. The judgment also provided the father a credit of $1,338.93 to be applied to his share of the child’s uninsured-medical expenses.”
47 So.3d at 797-98 (footnote omitted).
On appeal in Davis I, the father argued that the Alabama trial court had lacked subject-matter jurisdiction to modify custody of the child because:
“1) ... the Tennessee trial court still had jurisdiction over the custody dispute because it had not yet acted on the mandate from the Tennessee Court of Appeals and 2) ... under Tennessee’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (‘the Tennessee UCCJEA’), the Tennessee trial court had continuing exclusive jurisdiction over the custody issue.”
47 So.3d at 798.
This court rejected those arguments, however, holding that, because the September 3, 2003, judgment of the Chancery Court for Lawrence County, Tennessee (“the Tennessee trial court”), had been affirmed by the Tennessee Court of Appeals on the issue of custody, that issue had been finally resolved. Davis I, 47 So.3d at 798. We also held that “the Tennessee trial court no longer retained exclusive, continuing jurisdiction over the custody issue at the time the mother filed her custody-modification petition in the Alabama trial court.” 47 So.3d at 799 (relying on Tenn.Code Ann. § 36-6-217 and Ala.Code 1975, § 30-3B-202). Thus, we concluded that the Alabama trial court had properly exercised jurisdiction over the custody issue; we did not, however, address whether the Alabama trial court had jurisdiction to determine the child-support issue. This court reversed the judgment with regard to the custody modification.
After we issued our decision in Davis I, the mother petitioned the Alabama Supreme Court for a writ of certiorari. The supreme court agreed with this court that the Alabama trial court’s “assumption of jurisdiction was consistent with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act, Ala.Code 1975, § 30-3B-101 et seq.” Ex parte Blackstock, 47 So.3d 801, 803 n. 1 (Ala.2009). It, however, determined that this *699 court had erred in reversing the Alabama trial court’s determination of custody, and it reversed this court’s judgment and remanded the case to this court for proceedings consistent with its opinion. 47 So.3d at 813-14. On remand from the supreme court, this court affirmed the Alabama trial court’s modification of custody. Davis v. Blackstock, 47 So.3d 816 (Ala.Civ.App.2010) (“Davis II”). With regard to the child-support issue, however, we reversed the Alabama trial court’s judgment and remanded the case for the Alabama trial court to recalculate the father’s child-support obligation. 47 So.3d at 817. This court’s certificate of judgment in Davis II was issued on April 21, 2010.
On November 10, 2010, the father filed in the Alabama trial court a motion for a hearing and for modification of the 2006 judgment entered by the Alabama trial court.[1] He argued that the 2006 judgment violated his constitutional rights, and he also alleged that a material change in circumstances had occurred since the entry of the 2006 judgment that justified a modification of custody. The father also requested that the Alabama trial court take steps necessary to protect the child from inappropriate conduct allegedly occurring at the mother’s house. After a hearing, the Alabama trial court entered a judgment on November 18, 2010, finding that the father was in arrears with regard to his child-support obligation in the amount of $14,246, plus $2,314.14 in accumulated interest. The Alabama trial court also set the father’s child-support obligation at $435 per month. The Alabama trial court finally noted:
“It further appears to the court that pursuant to the appellate decisions heretofore issued that there remains an issue regarding the imputation of health insurance cost in the calculation of child support pursuant to Rule 32[, Ala. R. Jud. Admin.,] that must be applied. The court hereby sets further hearing on this matter.... The court will hear argument in regard to said issue as well as any other pending motions.”
On November 23, 2010, the mother answered the father’s motion seeking to modify custody. The father amended his motion on December 27, 2010.
On February 25, 2011, the father filed a motion to vacate ab initio the 2006 judgment.[2] The father alleged that the 2006 judgment was void for lack of subject-matter jurisdiction because of the mother’s noncompliance with various provisions of the Uniform Interstate Family Support Act (“the UIFSA”), § 30-3A-101 et seq., Ala.Code 1975, and the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), § 30-3B-101 et seq., Ala.Code 1975. The father also requested that the Alabama trial court consider newly discovered evidence. The mother responded to the father’s motion to vacate on February 28, 2011. The father filed a reply to the mother’s response on March 3, 2011. The father’s motion to vacate was denied on March 4, 2011. The father filed a petition for a writ of mandamus with this court on March 8, 2011. On March 14, 2011, the Alabama trial court stayed its consideration of all issues pending the outcome of the father’s mandamus petition. *700 On March 16, 2011, the father moved the Alabama trial court to set aside its November 18, 2010, order. On March 18, 2011, the mother responded to the father’s motion to set aside. On March 22, 2011, this court, believing that the Alabama trial court’s November 18, 2010, judgment had been entered in a separate action initiated by the father (see supra notes 1 and 2), entered an order stating that the father’s mandamus petition would be treated as an appeal from the denial of a Rule 60(b)(4), Ala. R. Civ. P., motion. On March 25, 2011, the Alabama trial court entered an order stating that the father’s motion to set aside would be held in abeyance pending this court’s determination of the proceeding in this court initiated by the father.[3]
Initially, we note that, when this court elected to treat the father’s petition for a writ of mandamus as an appeal, we did not have the benefit of having the entire clerk’s record before us. Now that we do, we conclude that there is no final judgment from which the father could have appealed and, thus, that we may not treat the father’s petition as an appeal.[4] See, e.g., Smith v. Pendergrass, 741 So.2d 423, 424 (Ala.Civ.App.1999) (“An appeal ordinarily lies only from a final judgment.... An order is generally not final unless it disposes of all claims or the rights or liabilities of all parties.”). Thus, we must determine whether the father has shown that a petition for writ of mandamus should be issued.
The father first argues that the Alabama trial court lacked subject-matter jurisdiction to enter the 2006 judgment. “[S]ubject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.” C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003).[5]
“ ‘ “A writ of mandamus is an extraordinary remedy, and it ‘will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ” ’
“Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003) (quoting Ex parte Butts, 775 So.2d 173, 176 (Ala.2000), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)). ‘[T]he question of subject matter jurisdiction is reviewable by a petition for a writ of mandamus.’ Ex parte Johnson, 715 So.2d 783, 785 (Ala.1998). ‘Although this Court reviews a mandamus petition to determine whether the trial court exceeded its discretion, this Court reviews *701 issues of law de novo.’ Ex parte Terry, 957 So.2d 455, 457 (Ala.2006).”
Ex parte Berry, 999 So.2d 883, 885 (Ala.2008).
The father specifically argues that the mother failed to comply with the registration requirements of § 30-3A-602, Ala.Code 1975, a part of the UIFSA, and § 30-3B-305, Ala.Code 1975, a part of the UCCJEA. Section 30-3A-602 of the UIF-SA sets forth the procedure a litigant must follow in order to register a foreign child-support judgment. Only strict compliance with that registration procedure confers subject-matter jurisdiction upon an Alabama circuit court to enforce or to modify a foreign child-support judgment. See Mattes v. Mattes, 60 So.3d 887 (Ala.Civ.App.2010); and Ex parte Owens, 65 So.3d 953 (Ala.Civ.App.2010). The father notes that, when the mother filed her February 6, 2006, action seeking child support, she did not register the September 3, 2003, judgment of the Tennessee trial court with the Alabama trial court. The father overlooks a salient point, however. At the time the mother filed the 2006 action, the Tennessee trial court had not entered any child-support judgment. Although the Tennessee Court of Appeals had ordered the Tennessee trial court to consider awarding child support, the record indicates that the Tennessee trial court had not acted on that mandate and had not actually entered any judgment requiring either party to pay child support. Hence, the 2006 action cannot be construed as a petition to enforce or to modify a foreign child-support judgment. Rather, it can only be considered a petition to establish child support under Alabama law. Accordingly, § 30-3A-602 does not apply, and the mother’s alleged failure to comply with that statute does not bar the Alabama trial court from assuming subject-matter jurisdiction as to the issue of child support.
Section 30-3B-305 sets out the procedure to be followed to register foreign child-custody “determination[s].” Until that procedure is followed, an Alabama court does not gain subject-matter jurisdiction to enforce the foreign child-custody determination at issue. Cf. Garrett v. Williams, 68 So.3d 846, 848 (Ala.Civ.App.2011). However, in her 2006 action the mother did not seek to have the Tennessee child-custody determination enforced; to the contrary, she sought to have that determination modified so as to give her primary physical custody of the child. By its plain terms, the registration requirements established in § 30-3B-305 apply solely to enforcement, not modification, actions. Subject-matter jurisdiction to modify a foreign child-custody determination is instead governed by § 30-3B-203, Ala.Code 1975, which does not condition modification jurisdiction on registration of the prior foreign child-custody determination. In short, under § 30-3B-203, an Alabama trial court may modify a foreign child-custody determination without the judgment containing that determination first being registered in accordance with § 30-3B-305. Therefore, the Alabama trial court did not lack subject-matter jurisdiction to modify the custody of the child based on the alleged failure of the mother to register the Tennessee judgment containing a child-custody determination. As this court and our supreme court have already determined, the Alabama trial court properly exercised subject-matter jurisdiction over the child-custody-modification portion of the action pursuant to § 30-3B-203.
The father also argues that the Alabama trial court failed to comply with Ala.Code 1975, § 30-3B-206, which provides:
“(a) Except as otherwise provided in Section 30-3B-204, [Ala.Code 1975,] a court of this state may not exercise its *702 jurisdiction under this article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 30-3B-207[, Ala.Code 1975].
“(b) Except as otherwise provided in Section 30-BB-204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Section 30-3B-209[, Ala.Code 1975]. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.
“(c) In a proceeding to modify a child custody determination, a court of this state shall determine whether a proceeding to enforce the determination has been commenced in another state. If a proceeding to enforce a child custody determination has been commenced in another state, the court may:
“(1) Stay the proceeding for modification pending the entry of an order of a court of the other state enforcing, staying, denying, or dismissing the proceeding for enforcement;
“(2) Enjoin the parties from continuing with the proceeding for enforcement; or
“(3) Proceed with the modification under conditions it considers appropriate.”
As noted previously, however, at the time the mother filed her petition for modification in the Alabama trial court, the issue of custody had been finally resolved in the Tennessee action. Davis I, 47 So.3d at 798. Thus, the requirements of § 30-3B-206 were not triggered.
The father further contends that the Alabama trial court lacked subject-matter jurisdiction because, he says, the mother did not comply with the information requirements of § 30-3B-209(a), Ala. Code 1975.[6] We note, however, that sub *703 section (b) of that Code section provides: “If the information required by subsection (a) is not furnished, the court, upon motion of a party or its own motion, may stay the proceeding until the information is furnished.” Based on the plain reading of § 30-3B-209(b), it is clear that the failure to comply with § 30-3B-209(a) does not deprive a trial court of subject-matter jurisdiction; rather, it is a defect that may be cured upon motion of any party or on the trial court’s own motion. The father also maintains that the Alabama trial court failed to comply with § 30 — 3B—112(a)(4), Ala.Code 1975.[7] We note, however, that the language of that Code section makes it clear that it is permissive by stating that “[a] court of this state may ” take certain actions. (Emphasis added.) Thus, we find no jurisdictional defect in that regard.
The father finally argues that the Alabama trial court’s custody judgment violated his fundamental parenting rights. We note, however, that this argument does not implicate the Alabama trial court’s subject-matter jurisdiction; rather, it is an attack on the trial court’s application of custody law. See, e.g., Neal v. Neal, 856 So.2d 766, 781 (Ala.2002) (stating that the appellant “confuse[d] legal error with want of subject-matter jurisdiction or want of due process of law” and noting: “ ‘The simple fact that a court has erroneously applied the law does not render its judgment void.’ ” (quoting Halstead v. Halstead, 53 Ala.App. 255, 256, 299 So.2d 300, 301 (1974))). Because the father’s final two arguments do not implicate the Alabama trial court’s subject-matter jurisdiction and because the father has not otherwise demonstrated the necessity of extraordinary relief, we conclude that neither of the father’s final two arguments is a proper basis for mandamus relief. See, e.g., Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998) (“A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal.”).
Based on the foregoing, we deny the father’s petition for a writ of mandamus.
The requests by the mother and the father for the award of attorney fees in this appellate proceeding are denied.
PETITION DENIED.
THOMPSON, P.J., and THOMAS, J., concur.
PITTMAN and BRYAN, JJ., concur in the result, without writings.

. The father’s motion was filed in case no. DR-06-86.01, which is the same case number that was assigned to the mother’s original action. Subsequently, on March 3, 2011, the father filed a document entitled “Notice to Supplement the Record” in which he stated that he had attempted to pay a filing fee in the clerk's office of the Alabama trial court but had been informed that no filing fee was required.

. The motion to vacate was also filed in case no. DR-06-86.01. See supra note 1.

. We note that a transcript contained in the materials before us indicates that the Alabama trial court subsequently held a hearing on the limited issue of health insurance because that issue impacts the amount of the father's child-support obligation. The Alabama trial court stated at that hearing that it would continue to stay its consideration of all other matters.

. We also note that, because there was no final judgment entered after our certificate of judgment was issued in Davis II, the father’s motion to vacate cannot be considered to be a Rule 60(b) motion. See, e.g., Edwards v. Edwards, 951 So.2d 699, 702 (Ala.Civ.App.2006).

.The mother argues that the father’s claims are barred by the doctrine of res judicata. We note, however, that "res judicata does not bar claims over which the first court lacked jurisdiction.” Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784, 795 n. 2 (Ala.2007). Further, jurisdictional questions are not barred by the law-of-the-case doctrine. Bessemer Bd. of Educ. v. Tucker, 999 So.2d 957, 960-61 (Ala.Civ.App.2008).

. Section 30~3B-209(a) provides:
"Except as otherwise provided in subsection (e), in a child custody proceeding, each party, in its first pleading or in an attached affidavit, shall give information, if reasonably ascertainable, under oath as to the child's present address or whereabouts, the places where the child has lived during the last five years, and the names and present addresses of the persons with whom the child has lived during that period. The pleading or affidavit must state whether the party:
"(1) Has participated, as a party or witness or in any other capacity, in any other proceeding concerning the custody of or visitation with the child and, if so, identify the court, the case number, and the date of the child custody determination, if any;
"(2) Knows of any proceeding that could affect the current proceeding, including proceedings for enforcement and proceedings relating to domestic violence, protective orders, termination of parental rights, and adoptions, and, if so, identify the court, the case number, and the nature of the proceeding; and
"(3) Knows the names and addresses of any person not a party to the proceeding who has physical custody of the child or claims rights of legal custody or physical custody of, or visitation with, the *703 child and, if so, the names and addresses of those persons.”

. Section 30-3B-112(a) provides:
“A court of this state may request the appropriate court of another state to:
"(1) Hold an evidentiary hearing;
"(2) Order a person to produce or give evidence pursuant to procedures of that state;
"(3) Order that an evaluation be made with respect to the custody of a child involved in a pending proceeding;
"(4) Forward to the court of this state a certified copy of the transcript of the record of the hearing, the evidence otherwise presented, and any evaluation prepared in compliance with the request; and
"(5) Order a party to a child custody proceeding or any person having physical custody of the child to appear in the proceeding with or without the child.”