On Application for Rehearing

PER CURIAM.
The opinion 'of September 19, 2014, is withdrawn, and the following is substituted therefor.
On September 17, 2013, the Lauderdale Circuit Court (“the trial court”) entered a judgment finding Mark D. Davis in contempt for failing to pay court-ordered child, support and ordering Davis incarcerated. Davis filed in the trial court a petition for a writ of habeas corpus; a- copy of that petition is not included in the materials *472 Davis has submitted to this court. On September 20, 2013, the trial court denied Davis’s petition for a writ of habeas corpus.
On October 25, 2013, Davis filed in the Supreme Court of Alabama a separate petition for a writ of habeas corpus, seeking to obtain his release from incarceration on the contempt finding set forth in the September 17, 2013, judgment. On December 5, 2013, our supreme court, by unpublished order, transferred Davis’s petition to the Court of Criminal Appeals. On April 3, 2014, the Court of Criminal Appeals entered an unpublished order, Ex parte Davis (No. CR-13-0310, April 3, 2014), — So.3d - (Ala.Crim.App.2014) (table), dismissing Davis’s habeas petition. That order stated:
“[Davis] filed this petition for a writ of habeas corpus requesting that we vacate ... [the trial court’s] September 17, 2013, order finding him in contempt of court for failure to pay court-ordered monies. Davis asserts that the proceedings were void and in violation of his right to due process. The Supreme Court transferred this case to this Court by order dated December 5, 2013.
“A writ of habeas corpus may not be used as a substitute for an appeal. Smith v. State, 440 So.2d 1222, 1224 (Ala.Crim.App.1983). Davis could have appealed the circuit court’s order of contempt. He cannot use an extraordinary petition to seek review of an action that was appealable. Accordingly, this petition is hereby DISMISSED.”
Later, the Court of Criminal Appeals denied, by unpublished order, Davis’s application for rehearing, and Davis filed a petition for a writ of certiorari in the Alabama Supreme Court. On July 9, 2014, our supreme court issued an unpublished order granting the writ in part and concluding that that court had erred in “inadvertently” transferring Davis’s habeas petition to the Court of Criminal Appeals on December 5, 2013, when, in fact, the petition should have been transferred to this court. Accordingly, the supreme court ordered the Court of Criminal Appeals to vacate its April 3, 2014, order and to transfer the habeas petition to this court pursuant to § 12-1-4, Ala.Code 1975, which provides that “[w]hen any case is submitted to the Supreme Court which should have gone to one of the courts of appeals or is submitted to one court of appeals when it should have gone to the other, it must not be dismissed but shall be transferred to the proper court.” See also § 12-3-11, Ala.Code 1975 (specifying that each court of appeals has jurisdiction to issue writs of habeas corpus in matters in which it has original jurisdiction). On August 26, 2014, the Court of Criminal Appeals entered an unpublished order in compliance with our supreme court’s mandate and transferred Davis’s petition for a writ of habeas corpus to this court. Ex parte Davis (No. CR-13-0310, Aug. 26, 2014), — So.3d - (Ala.Crim.App.2014) (table).
In his petition for a writ of habe-as corpus, Davis seeks to be released from the sentence of incarceration imposed by the trial court’s September 17, 2013, judgment. In his habeas petition, Davis raises issues pertaining to the propriety of the underlying contempt judgment. He challenges the jurisdiction of the trial court to enter that judgment because, he says, the trial court lacked jurisdiction to enter the child-support order upon which the contempt finding is based. Davis argues, as he has in several previous appeals, that the trial court has never properly obtained jurisdiction to consider the custody and child-support claims that have been asserted between him and his child’s mother. Those same arguments have been repeatedly rejected by our appellate courts. *473 See Davis v. Blackstock, 47 So.3d 796 (Ala.Civ.App.2007); Ex parte Blackstock, 47 So.3d 801 (Ala.2009); Davis v. Blackstock, 47 So.3d 816 (Ala.Civ.App.2010); Ex parte Davis, 82 So.3d 695 (Ala.Civ.App.2011); Davis v. Blackstock, 159 So.3d 708 (Ala.Civ.App.2013); Davis v. Blackstock (No. 2120112, April 5, 2013), 161 So.3d 308 (Ala.Civ.App.2013) (table); Davis v. Blackstock, 159 So.3d 708 (Ala.Civ.App.2013) (opinion on-return to remand); and Davis v. Blackstock, 160 So.3d 310 (Ala.Civ.App.2014). Davis also argues that he lacked the ability to pay child support, an issue that has been repeatedly presented to and rejected by the trial court and this court. Id. We agree with the Court of Criminal Appeals’ conclusion in its April 3, 2014, order that, under the circumstances of this case, those issues should have been raised in an appeal of the September 17, 2013, contempt judgment. “Habeas corpus may not be utilized as a substitute for an appeal.” Morgan v. Black, 402 So.2d 1040, 1041 (Ala.Civ.App.1981).[1]
We note that, after the Court of Criminal Appeals purported to dismiss Davis’s petition for a writ of habeas corpus, Davis filed an application for rehearing in which he argued that he had “stated in his brief that he was requesting, in the alternative [to habeas relief], an appeal.”[2] Davis’s petition for a writ of habeas corpus is 37 pages long, excluding exhibits, and, in his petition, he argues that his due-process rights have been violated. ■ In the conclusion of his petition for a writ of habeas corpus, Davis sets forth eight requests for relief. The seventh of those requests, found on page 34 of his petition, states;
“(7) Alternatively, Davis requests that this petition be treated as a timely appeal of all issues raised herein. This petition is provided as notice of appeal to both this court and the circuit court of Lauderdale County.”
Rule 3(a)(1), Ala. R.App. P., requires that a notice of appeal be filed with the clerk of the appropriate trial court. Although Davis served a copy of his habe-as petition on the trial court’s clerk, it cannot be said that a cursory request for alternative relief set out in the conclusion of a habeas petition is sufficient to inform a trial-court clerk, or an appellate-court clerk, that a “notice of appeal” has been filed. Further, a “notice of appeal shall specify the party or parties taking the appeal [and] shall designate the judgment, order or part thereof appealed from.” Rule 3(c), Ala. RApp. P. Davis’s statement seeking alternative relief in his habeas petition does not identify whether he is requesting that the courts consider his petition as an appeal of the September 17, 2013, contempt judgment or the Septem *474 ber 20, 2013, order denying his petition for a writ of habeas corpus filed in the trial court. In addition, Davis has not filed a docketing statement as required by Rule 3(d), Ala. R.App. P. We recognize that the “[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal with the clerk of the trial court does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.” Committee Comments, Rule 3, Ala. R.App. P. However, compliance with Rule 3 and actions such as the payment of a docketing fee are indicators of the nature of the relief sought, i.e., whether an appeal is intended. We conclude that Davis’s statement of an alternative request for relief buried within the conclusion of his habeas petition was not a sufficient notice of appeal. There is no indication in any other portion of Davis’s petition for a writ of habeas corpus that he intended to appeal either the September 17, 2013, judgment or the September 20, 2013, order.[3]
Further, we note that in his application for rehearing filed in the Court of Criminal Appeals and in his petition for certiorari review filed in the supreme court, Davis contended that he was not required to file a notice of appeal because, he asserted, a petition for a writ of habeas corpus is a proper means by which to seek review of a contempt finding;[4] Davis cites, among other cases, Hayes v. Hayes, 337 So.2d 770, 771 (Ala.Civ.App.1976), for the proposition that “[t]he proper remedy for review of a contempt proceeding is by habeas corpus if the party is in jail, or by certiora-ri if the party is not, and appeal is not the proper remedy.” However, Hayes v. Hayes and the other cases upon which Davis relies in making that argument were decided before the adoption of Rule 70A, Ala. R. Civ. P., effective July 11, 1994, which provides that review of a contempt finding is by appeal. As indicated, we conclude that Davis’s alternative request for relief in his habeas petition did not constitute a properly filed notice of appeal of the contempt judgment or of the trial court’s order denying his petition for a writ of habeas corpus filed in that court. Therefore, Davis’s petition is due to be dismissed.
APPLICATION FOR REHEARING OVERRULED; OPINION OF SEPTEMBER 19, 2014, WITHDRAWN; OPINION SUBSTITUTED; PETITION DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., recuses himself.

. In his April 17, 2014, application for rehearing filed in reference to the Court of Criminal Appeals' April 3, 2014, order, Davis represented that he had been released from incarceration on October 10, 2013. In his petition for a writ of certiorari filed in our supreme court, Davis argued that he was in "constructive custody” pursuant to the terms of the order granting his release; Davis says' his sentence was suspended, apparently on the condition, among other things, that he continue to pay child support. However, Davis has not provided this court with a copy of the order pursuant to which he was released and which he says placed conditions on his release; accordingly, we have no evidence before us to support those allegations. We make no determination regarding whether Davis might be in "constructive custody,” and, likewise, we are unable to determine whether this petition is moot because of Davis’s purported release from incarceration.

. In the interest of judicial economy, in considering Davis’s habeas petition, we have also considered the arguments Davis asserted in his application for rehearing made in reference to the April 3, 2014, order of the Court of Criminal Appeals and in his subsequently filed petition for a writ of certiorari to our supreme court.

. For the first time on application for rehearing, Davis submitted to this court what he claims are copies of a notice of appeal from the trial court’s September 20, 2013, order denying his habeas petition; Davis did not submit any documents purporting to appeal the September 17, 2013, contempt judgment. Also, those documents indicate that Davis purported to electronically submit to the trial court a notice of appeal of that court's order denying his habeas petition. However, there is no provision in our court rules or orders allowing for the electronic filing of a notice of appeal. See Alabama Dep’t of Revenue v. Frederick, 166 So.3d 123, 125 (Ala.Civ.App. 2014) (discussing electronic filing of documents in the court system and stating the "at no time since the institution of the electronic-filing system has a notice of appeal been a document capable of being filed electronically”). Accordingly, Davis's purported appeal of the trial court's order denying his habeas petition was ineffective.

. In making that argument, it appears that Davis was seeking to challenge the September 17, 2013, contempt judgment.