DONALDSON, Judge.
Before an Alabama court can enforce a child-custody order issued by another state, the order must be registered in Alabama pursuant to the procedure outlined in the Uniform Child Custody Jurisdiction and Enforcement Act (“the UC-CJEA”), § 30-3B-101 et seq., Ala.Code 1975. A failure to properly register the foreign child-custody order under the UC-CJEA deprives an Alabama trial court of subject-matter jurisdiction to enforce the custody order. Garrett v. Williams, 68 So.3d 846, 848 (Ala.Civ.App.2011). In- this case, Clayton Krouse (“the father”) sought enforcement of a Tennessee judgment addressing the custody of a child in the Dale Circuit Court (“the trial court”), but he did not first register that judgment in Alabama under the UCCJEA. Amanda Green Youngblood (“the mother”) filed counterclaims to enforce and modify the judgment. The trial court denied the father the relief he requested, but it granted the mother’s counterclaim to modify; however, the trial court lacked subject-matter jurisdiction over the case. Accordingly, we reverse the judgment and remand the case to the trial court with instructions to dismiss the action.
In 2007, the father and the mother were divorced by a judgment of the Chancery Court of Montgomery County, Tennessee (“the Tennessee judgment”). One child, S.K. (“the child”), was born of the marriage. Pursuant to a marital dissolution agreement (“the agreement”) that was entered into by the parties and incorporated into the Tennessee judgment, the mother was named “Primary Resident Parent.” The agreement provided that the mother would spend 300 days out of the year with the child and that the father would spend 65 days out of the year with the child. The agreement further contained provisions for holiday visitation and seasonal visitation between the child and the parties.
On January 11, 2011, the father filed a verified petition for a rule nisi in the Coffee Circuit Court, seeking enforcement of the visitation provisions of the Tennessee judgment. The father attached to his petition one copy of the Tennessee judgment and the agreement. The father alleged in his petition that the mother had refused to allow the father to exercise his visitation with the child as ordered in the Tennessee judgment, and he requested that the mother be held in contempt of court for her alleged failure to comply with the Tennessee judgment. The father amended his petition on February 9, 2011, to assert that the mother had claimed the child as a dependent on her tax return, which, he claimed, was contrary to the agreement. The father did not attach any additional documentation Jo his amended petition.
On February 15, 2011, the mother filed a motion to dismiss the father’s petition or, in the alternative, to transfer the action to the trial court because the mother resided in Dale County. The mother attached to her motion a copy of the Tennessee judgment, a copy of the agreement, and an affidavit of the mother in which she attested that she resided in Dale County. The father filed a response to the mother’s motion, stating that he did not object to the mother’s request to transfer the action. Accordingly, the Coffee Circuit Court granted the mother’s motion and entered an order on March 2, 2011, directing that the action be transferred to the trial court.
Following the transfer to the trial court, the mother filed an answer to the father’s petition, as amended, and counterclaims seeking to enforce and modify the Tennessee judgment. The mother sought to enforce the obligations of the father to pro *51 vide support for the child as ordered in the Tennessee judgment and to sanction him for his alleged failure to provide support. The mother also sought a modification of the visitation provisions contained in the Tennessee judgment.
The trial court conducted a trial on the father’s petition and the mother’s counterclaims on May 23, 2011. On May 26, 2011, the trial court entered a judgment (“the May 2011 judgment”), in which it denied the relief requested by the father and found the father to be in contempt of court for failure to pay child support. The trial court further terminated the father’s visitation with the child and enjoined the father from having any contact with the child. The trial court also awarded the mother attorney fees in the amount of $2,000.
On June 26, 2011, the father filed a motion to alter, amend, or vacate the May 2011 judgment. Following a hearing, the trial court granted the father’s post-judgment motion on September 6, 2011. A new trial was conducted on July 8, 2013. The trial court entered a judgment on September 26, 2013 (“the September 2013 judgment”), in which it again modified the provisions of the Tennessee judgment concerning the father’s visitation. The father filed a motion to alter, amend, or vacate the September 2013 judgment, which the trial court denied without a hearing on December 13, 2013. The father then filed a timely notice of appeal to this court.
The father raises several issues on appeal; however, because we find the father’s argument regarding the trial court’s lack of subject-matter jurisdiction dispositive, we pretermit discussion of the father’s other arguments. “[JJurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero, motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (citing Horn v. Dunn Bros., 262 Ala. 404, 79 So.2d 11 (1955)). “ ‘ “[S]ubject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time. M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala.Civ.App.2008) (quoting S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005), quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)).
Before a foreign child-custody order can be enforced by an Alabama court, the UC-CJEA requires the foreign child-custody order to be registered in this state. Section 30-3B-306(a), Ala.Code 1975, provides that “[a] court of this state may grant any relief normally available under the law of this state to enforce a registered child custody determination made by a court of another state.” The UCCJEA defines a “child custody determination” as “[a] judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order....” § 30-3B-102(3), Ala.Code 1975. Proper registration of a foreign child-custody order is attained by following the procedure outlined in Ala.Code 1975, § 30-3B-305:
. “(a) A child custody determination issued by a court of another state may be registered in this state, with or without a simultaneous request for enforcement, by sending to the appropriate court in this state:
“(1) A letter or other document requesting registration;
“(2) Two copies, including one certified copy, of the determination sought to be registered, and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified; and
*52 “(3) Except as otherwise provided in Section 30-8B-209, [Ala.Code 1975,] the name and address of the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered.”
“Until that procedure is followed, an Alabama court does not gain subject-matter jurisdiction to enforce the foreign child-custody determination at issue.” Ex parte Davis, 82 So.3d 695, 701 (Ala.Civ.App. 2011) (citing Garrett, 68 So.3d at 848).
In this case, the father initiated a proceeding to enforce the visitation provisions of the Tennessee judgment without complying with the provisions of § 30-3B-305. Consequently, his petition against the mother was void ab initio, and the trial court did not acquire subject-matter jurisdiction over the proceedings. Because the trial court did not have jurisdiction over the father’s petition, the trial court likewise did not have jurisdiction over the mother’s counterclaims.[1] See R.J.R. v. C.J.S., 72 So.3d 643, 648 (Ala.Civ.App. 2011) (citing Ex parte Owens, 65 So.3d 953, 956-57 (Ala.Civ.App.2010), and Blevins v. Hillwood, Office Ctr. Owners’ Ass’n, 51 So.3d 317, 321-23 (Ala.2010)).
Because we conclude that the trial court lacked subject-matter jurisdiction to enforce the Tennessee judgment, we reverse the trial court’s judgment and remand the case with instructions to the trial court to dismiss the action.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Like the provisions of the UCCJEA applicable in this case, the Uniform Interstate Family Support Act ("the UIFSA”), § 30-3A-101 et seq., Ala.Code 1975, requires that a party seeking to modify a child-support order issued by another state “shall register that order in this state.” § 30-3A-609, Ala.Code 1975. Section 30-3A-602, Ala.Code 1975, provides the procedure for registering a foreign child-support order in this state for purposes of the UIFSA. In one of her counterclaims, the mother sought enforcement of the child-support provisions of the Tennessee judgment against the father. However, the mother also failed to register the Tennessee judgment, as required by the UIFSA. "[W]e have held that a failure to comply with the registration requirements of § 30-3A-602, Ala.Code 1975, a part the [UIFSA], deprives a trial court of subject-matter jurisdiction to enforce a foreign child-support order. See Mattes v. Mattes, 60 So.3d 887, 891 (Ala.Civ. App.2010).” Garrett, 68 So.3d at 848.